IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-178(KAJ) |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| WILMINGTON POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

SCHEDULING ORDER

This 10th day of June, 2005 the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on May 25, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **June 30, 2005**.

3.  Discovery

   a.  Limitation on Hours for Deposition Discovery. Each deposition is limited to a maximum of six (6) hours unless extended by agreement of parties.

   b.  Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-part plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   c.  Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **November 30, 2005.** The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   d.  Disclosure of Expert Testimony. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another part sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S 579 (1993), it shall be made by motion no later than he deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. <u>Discovery Disputes.</u> Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order.</u> Should counsel find I will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel by unable to reach an agreement on a proposed form or order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the

party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference.</u> Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7. <u>Interim Status Report.</u> On **October 26, 2005**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference.</u> On **November 2, 2005**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **4:30 p.m.** Plaintiff's counsel shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar

9. <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **January 30, 2006.** Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to

Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. Pretrial Conference. On **September 5, 2006,** the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **4:30 p.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **August 7, 2006.**

12. Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests. Unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13 Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be

accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14. <u>Trial.</u> This matter is scheduled for a **four-day jury** trial beginning at 9:30 a.m. on **October 2, 2006.** For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **10 hours** to present their case.

_____
UNITED STATES DISTRICT JUDGE