



**JAMES M. BAKER**
MAYOR

# City of Wilmington
## Delaware

**LOUIS L. REDDING - CITY/COUNTY BUIL[DING]**
800 FRENCH STREET
WILMINGTON, DELAWARE
19801 - 3537

**Law Department**
(302) 576-2175

October 26, 2005

The Honorable Kent A. Jordan
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 10
Wilmington, DE 19801

　　RE:　*Kenneth Boyd v. Wilmington Police Department*
　　　　　**C.A. No. 05-178 KAJ**

Dear Judge Jordan:

　　Please accept the following as Defendant Wilmington Police Department's Interim Status Report in the above referenced matter. Defendant submits this Report in accordance with the Court's Scheduling Order dated June 10, 2005.

　　On March 22, 2005, Plaintiff Kenneth Boyd, a police officer in the Wilmington Police Department, holding the rank of Detective, filed a Complaint against the Wilmington Police Department. Plaintiff's Complaint alleges that the Wilmington Police Department violated Title VII of the Civil Rights Act, 42 U.S.C. §1981, Article IV §35-111 of the Wilmington City Charter and the covenant of good faith and fair dealing when the Chief of Police promoted an Hispanic officer with less seniority than Plaintiff to the rank of Sergeant in April, 2003. Plaintiff alleges that the Chief's decision was motivated by racial animus because, with the exception of Plaintiff, the Chief had promoted all other officers according to seniority. It is Defendant's position that Plaintiff's allegations are factually and legally incorrect.

　　On May 26, 2005 and June 15, 2005, respectively, Defendant and Plaintiff exchanged their initial disclosures under Rule 26. Both parties have submitted Interrogatories, Requests for Production of Documents and Requests for Admissions. Plaintiff's deposition has been noticed and

The Honorable Kent A. Jordan
October 26, 2005
Page 2

    Discovery in this matter is scheduled to conclude on November 30, 2005. I am not certain that given the officers' schedules and shifts, I will be able to schedule all of the officers' depositions for November 21st and 28th. It is my understanding that Mr. Martin has a trial scheduled in November and that his availability is limited. Further, Mr. Martin has requested the personnel files of 5 officers. Given the fact that the files contain private information such as Social Security numbers, home addresses and telephone numbers, my office must redact this information prior to releasing the files to Mr. Martin. As such, I suggested to Mr. Martin that, with the Court's permission, the parties amend the Scheduling Order to extend discovery cut-off to January 31, 2006. Mr. Martin is in agreement with my suggestion so long as the extension does not cause the Court to re-schedule the trial currently scheduled for October 2, 2006. The parties will be submitting for the Court's consideration a request to amend the Scheduling Order.

Respectfully submitted,

*Rosamaria Tassone*

Rosamaria Tassone
Assistant City Solicitor

cc:    Jeffrey K. Martin, Esquire