IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-178 KAJ |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

For the reasons stated in the accompanying Opening Brief in Support of Defendant's Motion for Summary Judgment, and there being no disputed issues of material fact, Defendant Wilmington Police Department hereby moves this Honorable Court to issue an Order granting summary judgment in favor of the Defendant based on the following grounds:

1) Plaintiff cannot meet his burden of proof under the McDonnell Douglas burden-shifting framework governing race discrimination cases. Given the undisputed facts in the record, Plaintiff is unable to establish a prima facie case for race-based discrimination, or demonstrate by a preponderance of the evidence that the legitimate, non-discriminatory reasons for promoting Rodriguez rather than Plaintiff were pretextual and the decision actually motived by racial animus. The factual record demonstrates that 1) Chief Szczerba has previously promoted officers with less seniority, including African-American officers; 2) Chief Szczerba has promoted African-American males and females in the past, some with less seniority than their Caucasian counterparts, as well as Hispanic males and females; 3) Michael Rodriguez is Hispanic and is not Caucasian as Plaintiff asserts; 4) Chief Szczerba promoted Michael Rodriguez instead of two Caucasian officers who are more senior than Michael Rodriguez, thereby negating Plaintiff's assertion that Caucasians are

treated more favorably than Plaintiff; 5) There is not one witness of record who has testified that Chief Szczerba's decision to promote Rodriguez rather than Plaintiff was motived by race. Given the undisputed facts, Plaintiff is unable to meet his burden of proof on an essential element of his case, and, therefore, Defendant is entitled to judgment as a matter of law

2) Defendant City of Wilmington Police Department is not a separate juridical entity from the City of Wilmington and is not subject to suit. As such, Plaintiff's complaint must be dismissed as a matter of law.

3) Wilmington City Code section 35-111 does not establish a private cause of action for denial of equal employment opportunities as Plaintiff asserts. Therefore, Plaintiff is unable to maintain a cause of action under 1 Wilm. C. §35-111.

WHEREFORE, Defendant Wilmington Police Department respectfully requests that the Court enter an order granting summary judgment in favor of Defendant and dismissing Plaintiff's Complaint with prejudice.

    /s/ Rosamaria Tasosne
Rosamaria Tassone, Esquire (I.D. #3546)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant

Date: March 8, 2006