# TAB 1

LEXSEE 2004 U.S. DIST LEXIS 22004

**CLARENCE U. JAMISON, Plaintiff, v. WILMINGTON POLICE DEPARTMENT, Defendant.**

Civ. No. 04-033-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2004 U.S. Dist. LEXIS 22004*

October 12, 2004, Decided

**SUBSEQUENT HISTORY:** Cause dismissed by *Jamison v. Wilmington Police Dep't, 2005 U.S. Dist. LEXIS 3184 (D. Del., Mar. 3, 2005)*

**DISPOSITION:** Parties directed to supplement record.

**COUNSEL:** [*1] For Clarence Jamison, Plaintiff, Pro se, Wilmington, DE.

For WILMINGTON POLICE DEPARTMENT, Defendant: Eileen Kelly, City of Wilmington Law, Wilmington, DE.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINIONBY:** Sue L. Robinson

**OPINION:**

### MEMORANDUM ORDER

#### I. INTRODUCTION

Plaintiff Clarence U. Jamison, presently incarcerated at Howard R. Young Correctional Center (aka Gander Hill) in Wilmington, Delaware, filed this action on January 15, 2004 against defendant Wilmington Police Department. (D.I. 2) Plaintiff claims discrimination based on disability and race arising from an alleged illegal search and seizure conducted by unknown police officers under defendant's employ. The court has jurisdiction over plaintiff's claims pursuant to *28 U.S.C. § 1331*. Currently before the court is defendant's motion for summary judgment. (D.I. 10) Due to the insufficiency of the record, the parties are given 30 days to supplement the record.

#### II. BACKGROUND

On January 15, 2004, plaintiff was standing on the corner of Fifth and Madison Streets in Wilmington, Delaware. (D.I. 2, 10) Plaintiff claims that a police patrol car pulled over and stopped at the [*2] corner. Plaintiff further alleges that an officer exited the vehicle, told the plaintiff not to move and then conducted a search of the plaintiff's person on the street. (D.I. 2, 10) Plaintiff contends that the officer then transported him to the Wilmington Police Department where he was temporarily detained. (D.I. 2, 10) Plaintiff cannot identify the police officer, the time or circumstances surrounding the incident. (D.I. 10) Plaintiff is alleging that he was subject to an illegal search and seizure based on discriminatory aminus related to his race and disability. (D.I. 2, 10) He is seeking 20 million dollars in damages. (D.I. 2)

#### III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on filed positions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The moving party bears the burden of proving that no genuine issue of material fact exists. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)*. [*3] "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995)* (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita, 475 U.S. at 587* (quoting *Fed. R. Civ. P. 56(e)*). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995)*. The mere existence of some evidence in support of the nonmoving party, however, will not be

sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). If the nonmoving party fails [*4] to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

## IV. DISCUSSION

*Section 1983* provides a private remedy for the deprivation of a constitutional right of a citizen of the United States by any person acting under statute, ordinance, or regulation of any State. *42 U.S.C. § 1983 (2004)*. In his claims against the defendant, plaintiff alleges that he was subject to an illegal search and seizure based on discriminatory animus related to his race and disability. (D.I. 2) Defendant is moving for summary judgment on the following basis: (1) lack of subject matter jurisdiction, (2) defendant is not subject to suit as a municipal entity, and (3) defendant is immune from liability. (D.I. 10)

### A. Subject Matter Jurisdiction

Defendant contends that plaintiff has failed to present a federal question which would give the court jurisdiction. In its motion, defendant points to the statutory code provisions cited by plaintiff in his complaint and argues that the provisions [*5] are relevant only if the Delaware Code is applied. However, pro se litigants are held to "less stringent standards" than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Estelle v. Gamble*, 429 US 97, 106, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976).

Public policy favors the broad construction of pro se complaints; nevertheless, procedural defects may present a jurisdictional bar. A failure to raise the issue of an illegal search and seizure before or at trial forecloses any subsequent consideration of such a contention. *United States ex rel. La Molinare v. Duggan*, 415 F.2d 730, 731 (3rd Cir. 1969). Additionally, a voluntary and understood guilty plea to an indictment serves as a waiver of all nonjurisdictional defects and defenses. *Pet. of Marc Barry*, 388 F.2d 592, 593 (3rd Cir. 1968).

Having reviewed the record, there is insufficient evidence presented by the parties to determine whether subject matter jurisdiction exists.

### B. Defendant is Immune from Suit

Defendant claims that it is a department of the city, [*6] therefore, it cannot be sued as a separate entity apart from the City of Wilmington. For a valid *§ 1983* claim, the alleged constitutional violation must have been committed by a person acting under the color of state law. *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 558 (D. Del 2000). The Supreme Court has determined that local municipalities and governmental units, that are not considered part of the state for *Eleventh Amendment* purposes, are among those persons to whom *42 U.S.C. § 1983* applies. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).

Local government bodies can be sued directly under *§ 1983* for monetary, declaratory, or injunctive relief where the alleged unconstitutional action was the result of the execution or implementation of a policy, ordinance, regulation, or custom officially adopted or promulgated by that body's officers. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). In the absence of such a policy, a municipality's failure to train its employees and officers can also create an actionable violation under *§ 1983*. *Nelson v. Walsh* 60 F. Supp 2d 308, 313 (D. Del. 1999). [*7] However, a municipality or local government unit cannot be held liable solely because it employs a tortfeasor. Id.

In the case at bar, the defendant police department is a local municipality and, therefore, a person subject to suit for a *§ 1983* violation. However, due to the deficiency of the record it cannot be determined whether the alleged constitutional violation was the result of a governmental custom.

## V. CONCLUSION

For the reasons stated at Wilmington this 12th day of October, 2004;

IT IS ORDERED that, on or before **November 10, 2004**, the parties shall supplement the record with respect to whether the search and seizure at issue: 1) is related to a criminal conviction; and if so, 2) whether it was adjudicated during the criminal proceedings.

Sue L. Robinson
United States District Judge