# TAB 2

LEXSEE 2005 U.S. DIST. LEXIS 3184

**CLARENCE U. JAMISON, Plaintiff, v. WILMINGTON POLICE DEPARTMENT, Defendant.**

Civ. No. 04-033-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2005 U.S. Dist. LEXIS 3184*

March 3, 2005, Decided

**PRIOR HISTORY:** *Jamison v. Wilmington Police Dep't, 2004 U.S. Dist. LEXIS 22004 (D. Del., Oct. 12, 2004)*

**DISPOSITION:** Defendant's motion for summary judgment granted; cause dismissed.

**COUNSEL:** [*1] Clarence U. Jamison, Howard R. Young Correctional Facility, Wilmington, Delaware, Pro Se.

Rosamaria Tassone, Assistant City Solicitor, City of Wilmington, Law Department, Wilmington, Delaware, for Defendant.

**JUDGES:** ROBINSON, Chief Judge.

**OPINIONBY:** ROBINSON

**OPINION:**

### MEMORANDUM OPINION

Dated: March 3, 2005
Wilmington, Delaware

**ROBINSON, Chief Judge**

### I. INTRODUCTION

Plaintiff Clarence U. Jamison filed this action on January 15, 2004, against defendant Wilmington Police Department. Plaintiff is seeking 20 million dollars in compensation for discrimination based on his disability and race, arising from an alleged illegal search and seizure conducted by police officers. (D.I. 2) The court has jurisdiction over this matter pursuant to *28 U.S.C. § 1331*. Currently before the court is defendant's amended motion to dismiss. (D.I. 11) For the reasons stated below, defendant's motion shall be granted.

### II. PROCEDURAL BACKGROUND

Plaintiff filed his complaint on January 15, 2004. (D.I. 2) An order authorizing service was issued on February 4, 2004. (D.I. 5) The copy of the service order sent to plaintiff was returned as undeliverable on [*2] March 18, 2004. (D.I. 6) Service, nevertheless, was accomplished by May 2004 (D.I. 7), and defendant had filed an amended motion to dismiss by June 2004. (D.I. 11, 12, 13) A briefing schedule was entered by order dated July 1, 2004. (D.I. 16) The copy of the July 1, 2004 order sent to plaintiff once again was returned as undeliverable. By memorandum order dated October 13, 2004, the court directed the parties to supplement the record with respect to the search and seizure at issue in plaintiff's complaint. (D.I. 18) The copy of the October 13, 2004 order sent to plaintiff was returned as undeliverable. (D.I. 19) Defendant requested additional time to respond, which was granted. (D.I. 21) A copy of the order granting the motion to extend time was sent to plaintiff, but was returned as undeliverable. Defendant filed its responsive papers to the October 13, 2004 order on December 10, 2004. (D.I. 22) Plaintiff has not responded or filed anything with the court since June 2004. The court's decision, therefore, is based on the record as provided by the defendant.

### III. FACTUAL BACKGROUND

On January 15, 2004, Officers Robert Curry and Kurt Crawford, of the defendant Wilmington [*3] Police Department, were conducting surveillance in the 600 block of West 5th Street, Wilmington, Delaware. The focus of the surveillance was a suspected drug house located at 624 West 5th Street. (D.I. 22 at 2) While conducting the surveillance, Officer Curry observed the occupant of the house engage in two hand-to-hand drug transactions. (Id.)

At approximately 1:36 p.m., Officer Curry observed plaintiff approach the residence under surveillance. n1 The occupant of the residence exited and engaged in a brief discussion with plaintiff. (D.I. 22 at Ex. 1) After

the conversation, the occupant re-entered the premises and plaintiff walked to the corner of 5th and Madison Streets where he remained. About five minutes later, the occupant re-exited 624 West 5th Street and approached plaintiff. (Id.) Officer Curry then observed plaintiff hand the occupant an unknown amount of money in return for a small item which plaintiff placed in his coat pocket. (Id.)

> n1 Officer Curry was the reporting officer on the crime report. (D.I. 22 at Ex. 1)

[*4]

Officer Kurt Crawford immediately stopped plaintiff and conducted a search of plaintiff's person, recovering a plastic "zip lock" bag containing a green plant substance in plaintiff's coat pocket. (D.I. 22 at Ex. 1) The substance was field tested by Officer Crawford and it tested positive for marijuana with an approximate weight of 1.0 gram. Plaintiff was then transported to the Wilmington Police Department where he was issued a summons for possession of a non-narcotic Schedule I controlled substance and released after approximately fifteen minutes. (Id. at Ex. 1,4)

At about 3:53 p.m. that same day, plaintiff filed the instant complaint against defendant alleging that he was subject to an illegal search and seizure based on discriminatory animus related to his race and disability. (Id.) Plaintiff's criminal trial was scheduled for May 19, 2004, in the New Castle County Court of Pleas. The matter was subsequently dismissed at the request of plaintiff's counsel, for failure of the police officers to appear. (D.I. 22 at Ex. 5)

## IV. STANDARD OF REVIEW

Since defendant has referred to matters outside the pleadings, its motion to dismiss shall be treated as a motion for [*5] summary judgment. A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The moving party bears the burden of proving that no genuine issue of material fact exists. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)*. "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995)* (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita, 475 U.S. at 587* (quoting *Fed. R. Civ. P. 56(e)* [*6] ). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995)*. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*.

## V. DISCUSSION

Defendant argues that the police officers had probable cause to believe that a crime was committed by plaintiff; therefore, their conduct was within the parameters of the Constitution. Additionally, defendant contends that unincorporated police departments are not legal entities amendable to suit. (D.I. 22) *Section 1983 of Title 42 of the* [*7] *United States Code* supplies a remedy for violations of federal law committed by people acting under the color of state law. In order to successfully bring a claim under *§ 1983*, a plaintiff is required to show that: (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived plaintiff of a right or privilege guaranteed by the Constitution or the laws of the United States. *Robb v. City of Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984)*.

The *Fourth Amendment of the Constitution* guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and "that no warrant shall issue without probable cause." *U.S. Const. Amend. IV*. The United States Supreme Court has described probable cause as a "fluid concept" contingent on the evaluation of probabilities in specific situations that cannot be whittled down to a set of precise legal rules. *Illinois v. Gates, 462 U.S. 213, 232, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983)*. Instead, the Court has focused on whether the arresting officer possessed reasonably trustworthy information that would compel a prudent person to believe [*8] that the defendant has committed or was committing a crime. *Beck v. Ohio, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964)*. This standard requires more than reason-

able suspicion, but it does not mandate that the "officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police, 71 F.3d 480, 482-3 (3d Cir. 1995)*. Further, probable cause can be evident even in the absence of actual observance of criminal activity when a "prudent observant would reasonably infer that a defendant acted illegally." *United States v. Burton, 288 F.3d 91, 98 (3d Cir. 2002)*.

In the case at hand, plaintiff has failed to present any evidence supporting his allegation that defendant's officers engaged in an illegal search and seizure in violation of his *Fourth Amendment* right. n2 Defendant's officers, based on the totality of the circumstances, had reason to believe that plaintiff was engaging in criminal activity in their presence. While conducting surveillance of a suspected drug house, the officers witnessed plaintiff approach the house, converse with a man previously seen engaging in two drug transactions, and exchange currency for a small [*9] object which plaintiff placed in his coat pocket. (D.I. 22) Officer Crawford then proceeded to stop and search plaintiff, recovering marijuana in plaintiff's coat pocket. (Id.) In light of the above facts, defendant did not violate plaintiff's constitutional rights; rather, the police officers had probable cause to believe that plaintiff had committed a crime. Accordingly, defendant's motion for summary judgment is granted.

> n2 Since the second prong of the *§ 1983* claim has not been satisfied, the court will grant defendant's motion for summary judgment without considering whether defendant police department is a person subject to suit under *§ 1983*.

## VI. CONCLUSION

For the reasons stated, the court will grant defendant's motion for summary judgment. An order consistent with this opinion shall issue.