S.K.A. STEEL TRADING, INC., Plaintiff VS. PENN TERMINALS, INC., GAMAL ELMALESY, and STRASBOURG METAL, Defendants
CIVIL ACTION NO. 96-CV-4687

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OFPENNSYLVANIA

1998 U.S. Dist. LEXIS 19190

December 3, 1998, Decided
December 3, 1998, Filed

DISPOSITION: [*1] Plaintiff's Post-Trial Motion to Amend Findings of Fact and Conclusions of Law denied and the Findings of Fact and Conclusions of Law affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: After trial, plaintiff bailor moved to amend the court's findings of fact and conclusions of law on the ground that the court's preclusion of plaintiff's claims for failure to mitigate damages was improper in view of defendant bailee's failure to plead the affirmative defense.

OVERVIEW: The district court found that plaintiff bailor's recovery was barred by plaintiff's failure to mitigate damages, and plaintiff asserted that defendant bailee was unable to benefit from the defense since it was not alleged in the pleadings. The court held that defendant admittedly pled contributory or comparative negligence, and such allegation was sufficient since a failure to mitigate damages was the same as contributory negligence occurring after the wrongful conduct. Further, pleading the defense was not necessary since evidence of plaintiff's failure to mitigate was presented at trial, and plaintiff's own evidence of such failure constituted consent to placing the defense at issue. Also, although the bailment claim was rooted in contract, the comparative negligence defense applied to such claim as well as plaintiff's negligence claims since bailment liability was rooted in negligence.

OUTCOME: Motion was denied, and findings and conclusions were affirmed; defendant bailee's allegation of comparative negligence essentially included plaintiff bailor's failure to mitigate damages after defendant's alleged wrongful conduct, and, in any event, the trial evidence of plaintiff's failure to mitigate was sufficient to place the defense at issue.

CORE TERMS: comparative negligence, mitigate, bailment, plead, avoidable consequences, affirmative defense, cause of action, asserting, rooted, notice, pled, separate defense, answering, change of ownership, evidence presented, causes of action, consented, avoidable, conform, timing, bailee, ownership, instruct, cargo

LexisNexis(R) Headnotes

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Affirmative Defenses
[HN1] The federal rules of civil procedure require only notice pleading, which requirement is equally applicable to the pleading of affirmative defenses.

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Affirmative Defenses
[HN2] It is not necessary for a defendant to use magic words in asserting an affirmative defense, but the defense must simply be sufficient to put the court and plaintiff on notice of the issues involved.

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Affirmative Defenses
[HN3] The difference between contributory negligence and a failure to mitigate damages is simply timing, with the latter involving plaintiff's negligence after the tort or breach.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
[HN4] Fed. R. Civ. P. 15(b) allows amendment of an answer to include an affirmative defense in order to conform to the evidence presented.

Civil Procedure: Pleading & Practice: Pleadings: Amended Pleadings
[HN5] An amendment to conform to the evidence is permitted even after judgment. Fed. R. Civ. P. 15(b). This amendment need not be done formally, but the

answer can be deemed amended if the issue is raised at trial.

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Affirmative Defenses
[HN6] A defendant who has not plead an affirmative defense may still rely upon the defense if evidence is presented at trial.

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Affirmative Defenses
[HN7] If the plaintiff's own evidence discloses that it failed to mitigate damages, plaintiff is deemed to have consented to the defense being an issue in the case regardless of whether it was plead.

Torts: Negligence: Negligence Generally
[HN8] Although bailment is rooted in contracts, liability is rooted in negligence.

Torts: Negligence: Standards of Care: Reasonable Care
[HN9] Where the case involves a bailment for mutual benefit, the appropriate standard of care is reasonable and ordinary care. The bailee has the burden of coming forward with evidence of due care once the bailor has demonstrated that the goods were delivered and not returned.

Torts: Negligence: Defenses: Comparative & Contributory Negligence
[HN10] Since liability for bailment is rooted in negligence, comparative negligence is a proper defense for both causes of action. In order for a bailee to be liable, not only must it be negligent but the loss must be due to his negligence.

COUNSEL: For S.K.A. STEEL TRADING, INC., PLAINTIFF: TIMOTHY M. KOLMAN, TIMOTHY M. KOLMAN AND ASSOCIATES, LANGHORNE, PA USA.

For S.K.A. STEEL TRADING, INC., PLAINTIFF: BRAD R. KRUPNICK, JOSEL, FEENANE & GAIER, P.C., PHILADELPHIA, PA USA.

For PENN TERMINAL, INC., DEFENDANT: CARL D. BUCHHOLZ, III, ANGELA M. HEIM, RAWLE AND HENDERSON, PHILA, PA USA.

JUDGES: CHARLES B. SMITH, UNITED STATES MAGISTRATE JUDGE.

OPINIONBY: CHARLES B. SMITH

OPINION: MEMORANDUM AND ORDER

MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

Plaintiff, S.K.A. Steel Trading, Inc. (S.K.A.), has filed a Post-Trial Motion to Amend the Findings of Fact and Conclusions of Law issued in this case on November 2, 1998. S.K.A. argues that it was prejudiced by the court's findings because defendant, Penn Terminals Inc., never plead the defense of failure to mitigate damages. Plaintiff therefore claims that Penn Terminals cannot benefit from the defense to offset damages for the bailment/contract claim and is responsible for payment of[*2] damages. However, S.K.A. acknowledges that the defense of contributory or comparative negligence was properly plead.

This court finds that under the liberal pleading rules in federal court, defendant's third and fourth separate defenses listed in the Amended Answer can be construed as the defenses of comparative negligence and the defense of failure to mitigate damages or the doctrine of avoidable consequences n1. [HN1] The federal rules of civil procedure require only notice pleading, which requirement is equally applicable to the pleading of affirmative defenses. See *Carpenter v. Ford Motor Co., 761 F. Supp. 62, 65 (N.D. Ill. 1991)*. [HN2] It is not necessary for a defendant to use "magic words" in asserting an affirmative defense, but the defense must simply be sufficient to put the court and plaintiff on notice of the issues involved. See *Davis v. Sun Oil, 148 F.3d 606, 614 (6th Cir. 1998)*.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n1 Defendant's third separate defense states: "Any loss which may be demonstrated by the plaintiff was caused in whole or in part by the failure of plaintiff to adequately instruct answering defendant with regard to the ownership of the cargo." The fourth separate defense states: " Any alleged damages incurred by plaintiff were caused in whole or in part by plaintiff's negligence, carelessness and/or fault, and therefore, answering defendant is not liable."

As stated in the Findings of Fact and Conclusions of Law, this court finds that defendant properly pled the defense of failure to mitigate damages as required by *Pohl Corp. v. Pile Foundation Const. Co., Inc., 1996 U.S. Dist. LEXIS 14830, 1996 WL 571626 (E.D. Pa.)*. However, it should also be noted that

Case 1:05-cv-00178-SLR    Document 52-6    Filed 04/24/2006    Page 3 of 4

Page 4
1998 U.S. Dist. LEXIS 19190, *

some courts have determined that the doctrine of avoidable consequences is not actually a defense, but merely a rule of damages. See *Southport Transit Co. v. Avondale Marine Ways, Inc., 234 F.2d 947, 952 (5th Cir. 1956)*.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*3] [HN3]

The difference between contributory negligence and a failure to mitigate damages is simply timing, with the latter involving plaintiff's negligence after the tort or breach. See *Nilson-Newey & Co. v. Ballou, 839 F.2d 1171, 1175 (6th Cir. 1988)* Defendant's third defense, states "any loss which may be demonstrated by the plaintiff was caused in whole or in part by the failure of plaintiff to adequately instruct answering defendant with regard to ownership of the cargo." This defense, as plead by Penn Terminals, should have put S.K.A. on notice that Khalifa's failure to promptly notify defendant of the unauthorized change of ownership once he became aware, could be an issue.

Furthermore, [HN4] *Rule 15(b) of the Federal Rules of Civil Procedure*, allows amendment of an answer to include an affirmative defense in order to conform to the evidence presented. [HN5] An amendment to conform to the evidence is permitted even after judgment. *Fed.R.Civ.P. 15(b)*. This amendment need not be done formally, but the answer can be deemed amended if the issue is raised at trial. See *Southwestern Stationery and Bank Supply, Inc. v. Harris Corp., 624 F.2d 168, 171 (10th Cir. 1980)*. [HN6] A defendant who has not [*4]plead an affirmative defense may still rely upon the defense if evidence is presented at trial. See *Lomartira v. American Auto Ins. Co., 245 F. Supp. 124, 129 (2d Cir. 1965), aff'd, 371 F.2d 550 (1967)*. [HN7] If the plaintiff's own evidence discloses that it failed to mitigate damages, plaintiff is deemed to have consented to the defense being an issue in the case regardless of whether it was plead. See *Jones v. Miles, 656 F.2d 103, 108 n. 7 (5th Cir. 1981)*.

In this case Khalifa testified in plaintiff's case in chief that he became aware of the change of ownership on May 27, 1996 and did not attempt to contact Penn Terminals until May 29 or 30. This evidence presented by plaintiff itself was sufficient to establish a failure to mitigate damages. Accordingly, even if the pleading as written is insufficient, plaintiff consented to the defense by raising the issue and allowing it to be argued during trial.

However, even if the failure to mitigate damages defense was not properly pled and the pleadings were not deemed amended, the doctrine of comparative negligence yields the same result. Plaintiff has admitted that the comparative negligence defense was properly pled and that[*5] it bars any recovery on a cause of action in tort. S.K.A. makes a distinction between the negligence (tort) cause of action and that of bailment (contract), asserting that failure to mitigate damages is a contract defense which would be applicable to bailment and that comparative negligence is only applicable to the negligence claim. However, the failure to mitigate damages defense or doctrine of avoidable consequences, as noted in the Findings of Fact and Conclusions of Law, is specifically recognized in the law of torts, as well as contracts. See *Rest. 2d Torts § 818* (See Conclusion of Law number 33). The defense of comparative negligence is also applicable to the bailment cause of action in this case.

[HN8] Although bailment is rooted in contracts, liability is rooted in negligence. *American Enka Co. v. Wicaco Machine Corp., 686 F.2d 1050, 1053 (3d Cir. 1982)*. [HN9] This case involves a bailment for mutual benefit, making the appropriate standard of care reasonable and ordinary care. *Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc., 961 F. Supp. 676, 685 (D. Del. 1997)*. The bailee, Penn Terminals, has the burden of coming forward with evidence of due care once the bailor has[*6] demonstrated that the goods were delivered and not returned. See *Hearst Magazines v. The Cuneo Eastern Press Inc. of Pennsylvania, 293 F. Supp. 824, 829 (E.D. Pa. 1968)*. However in this case, once Penn Terminals brought forth evidence of the forged fax release, the burden returned to S.K.A. to demonstrate that Penn Terminals was negligent. See *I.H. Moss v. Bailey Sales and Service, 385 Pa. 547, 553, 123 A.2d 425, 428 (1956)*. Accordingly, the bailment and negligence causes of action are intertwined. [HN10] Since liability for bailment is rooted in negligence, comparative negligence is a proper defense for both causes of action. In order for a bailee to be liable, not only must it be negligent but the loss must be due to his negligence. See *I.H. Moss, 123 A.2d at 426*. In this case, plaintiff's own negligence was the cause of the loss of the steel.

As noted in footnote number 6 of this court's Findings of Fact and Conclusions of Law:

"The doctrines of comparative negligence and "the duty to mitigate damages" or the doctrine of avoidable damages both deal with the negligence of the plaintiff or injured party. The difference is timing, with the latter

Case 1:05-cv-00178-SLR    Document 52-6    Filed 04/24/2006    Page 4 of 4

Page 5
1998 U.S. Dist. LEXIS 19190, *

dealing with the plaintiff's[*7] conduct or failure to act after the breach or tort and not allowing for recovery of only those damages which plaintiff could have prevented. See *Nilson-Newey & Co. v. Ballou, 839 F.2d 1171, 1175 (6th Cir. 1988); Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1401 (7th Cir. 1991)*, cert. denied, *504 U.S. 957, 112 S. Ct. 2306, 119 L. Ed. 2d 228 (1992)*. In this case all damages were avoidable and therefore are not recoverable.

However, the same conclusion would have been reached in this case with a comparative negligence analysis. Given Khalifa's failure to take precautions despite his familiarity with the industry and the manner in which business is conducted and his failure to take immediate action to avoid damages, plaintiff's liability would clearly be assessed at greater than 50%, and thus recovery would be barred. See *42 Pa.C.S. § 7102*."

Accordingly, even if plaintiff was correct in asserting that a separate defense of failure to mitigate damages was not properly plead and the pleadings were not deemed amended, the comparative negligence defense, which plaintiff admits was properly plead, brings the same result. The fact finder in this case assessed plaintiff's[*8] liability at greater than 50%, thus barring recovery. See *42 Pa.C.S. § 7102*. Finding the pleading of the defense sufficient, but also for the above stated reasons, I therefore deny defendant's motion to amend the Findings of Fact and Conclusions of Law.

ORDER

AND NOW, this 3RD day of DECEMBER, 1998, upon consideration of plaintiff's Post-Trial Motion to Amend Findings of Fact and Conclusions of Law, and any response thereto, it is hereby ORDERED that the motion is denied and the Findings of Fact and Conclusions of Law are affirmed.

BY THE COURT:

CHARLES B. SMITH

UNITED STATES MAGISTRATE JUDGE