**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-178 KAJ |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

**SUPPLEMENTAL APPENDIX TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Rosamaria Tassone, Esquire (I.D. #3546)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant

**TABLE OF CONTENTS**

Charge of Discrimination filed by Faheem A. Akil dated April 7, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . C-1

Dismissal and Notice of Rights - Faheem A. Akil dated August 29, 2005 . . . . . . . . . . . . . . . . . . . . . . C-3

Letter to Sworn Officers and Civilian Employees of the Wilmington Police Department dated May 5, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-4

Affidavit of Chief Michael Szczzerba dated April 24, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-7

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 170-2005-01553

APR 2005 Received EEOC - Philadelphia District Office

**Delaware Department Of Labor** and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Mr. Faheem A. Akil | (302) 762-0209 | 05-10-1960 |

Street Address / City, State and ZIP Code: 612 West 26th Street Wilmington, DE 19802

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| CITY OF WILMINGTON POLICE DEPARTMENT | 201 - 500 | (302) 576-3940 |

Street Address / City, State and ZIP Code: 300 North Walnut Street Wilmington, DE 19801

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code:

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [X] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 02-18-2005 | 02-18-2005 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I previously filed a charge against the Wilmington Police Department (Respondent) in 1992, due to religious accommodations issues. The case was settled in 1995, and the religious accommodation issues were addressed, but currently, I strongly believe that I am being subjected to retaliatory treatment in that I have been denied several promotional opportunities to the rank of Lieutenant. Specifics regarding my allegations are as follows:**

**I have been a Sergeant since 1997, and have performed my duties in a highly professional manner. I applied during 2004 and was ranked high for the 2004-2006 promotional list for one opening as a Lieutenant. On February 18, 2005, I learned that the Chief of Police, Mike Szczerba (non Muslim), had picked a non Muslim, Sergeant Elmer Harris, was selected for the position. I believe that Mr. Harris is an excellent Officer, but overall I believe that my experience, abilities, and scores make me more qualified for the position as Lieutenant. In addition, Chief Michael Szczerba's comments on his choice of Lieutenant at the February 28, 2005, Public Safety Meeting, in that he felt that he made the best choice regarding who would best lead the men and women of the Wilmington Police Department. I disagree with Chief Szczerba's comments and I contend that my qualifications and experience makes me the candidate to lead and represent the City of Wilmington Police department as a Lieutenant.**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Apr 07, 2005 — Mr. Faheem A. Akil

*Date* — *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 170-2005-01553 |

**Delaware Department Of Labor** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(Continued from previous page):*

**I further contend that the Respondent never provided an explanation concerning why I was denied the promotion. It is important to note that City Councilman At-Large, Michael Brown, Sr., has heard Chief Szczerba comment that he would never promote me to the rank of Lieutenant.**

**I believe that I have been retaliated against and discriminated against because of my religion (Muslim) in violation of the Civil Rights Act of 1964, as amended (TITLE VII).**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Apr 07, 2005** [signature]<br>*Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

C-2

EEOC Form 161 (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

AUG 30 2005

# DISMISSAL AND NOTICE OF RIGHTS

To: Faheem A. Akil
612 West 26th Street
Wilmington, DE 19802

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-01533 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature] for Marie M. Tomasso, District Director

August 29, 2005
*(Date Mailed)*

Enclosure(s)

cc: Wilmington Police Department
Keri L. Morris, Esquire (For Charging Party)
Rosemarie Tassone, Asst. City Solicitor (For Respondent)

JAMES M. BAKER
MAYOR

City of Wilmington
Delaware

LOUIS L. REDDING – CITY/COUNTY BUILDING
800 FRENCH STREET
WILMINGTON, DELAWARE 19801-3537
TEL: 302-576-2100
FAX: 302-571-4102




May 5, 2005

To the Sworn Officers and Civilian Employees of the Wilmington Police Department:

As many of you are aware, several weeks ago, one or more individuals of the Wilmington Police Department authored and publicly distributed several anonymous letters that raised allegations of racial inequity within the Police Department. The Baker Administration is taking this opportunity to express deep concern over both the content of the letters as well as the manner in which these individuals chose to express their views. We encourage these individuals and all City employees to utilize proper procedures when filing a complaint of this nature. At the same time, and just as importantly, we are taking this opportunity to restate our position that this Administration will not tolerate any form of discrimination against our employees, nor will we tolerate any form of retaliation toward employees who feel certain matters should be investigated.

Under this Administration, we have strived for open communication and fair treatment of all City employees. We have worked with supervisors to emphasize the importance of mutual respect and equitable treatment of our employees. Through mandatory training, we have encouraged the infusion of these principles throughout all City departments, demanding that employees treat each other with mutual respect in an effort to promote a more productive and equitable work environment.

In order to ensure that these standards of equality, fairness, and opportunity are achieved, we have instituted specific procedures to address complaints of unfair or inequitable treatment by supervisors and co-workers. These procedures include:

- The option to file a complaint of discrimination with your direct supervisor, who in turn will forward the matter for investigation through the chain of command to the Office of Professional Standards.

- The option to bring your complaint to the attention of any member of the Personnel Department, who, in turn, will notify the City's Employee Relations Advisor/Equal Employment Opportunity Compliance Officer of the complaint.

- The option, should the matter involve an allegation against a police officer, to request that the Personnel Department refer your complaint for investigation to the Office of Professional Standards in accordance with the Law Enforcement Officer's Bill of Rights. Your complaint will be documented in the Personnel Department, and the Office of Professional Standards will communicate the disposition of its investigation to the Director of Personnel.

- The option, should the subject of your complaint fall within your chain of command, to take advantage of the Wilmington City Code and Wilmington Police Department Directives, which establish a procedure for communicating concerns outside your chain of command.

We want to assure you that all properly filed complaints will be fully investigated. Should we discover that a supervisor or co-worker has violated departmental and/or City policy, he or she will be disciplined accordingly. Further, retaliation against a complainant is strictly prohibited and will be dealt with swiftly and appropriately.

Given the fact that the complaint procedures as outlined above are or should be known in the Police Department, we are, quite frankly, disheartened by the manner in which certain individuals chose to recently demonstrate their belief that they or others have been treated unfairly as a result of their race. While some may hold the mistaken belief that circulating anonymous letters and posting them in the workplace is an appropriate manner in which to bring forth allegations of racial discrimination, it is not. Rather, these anonymous letters caused unacceptable tension and animosity among fellow officers during a time when we are most in need of each other's professionalism and support to protect and serve the residents of our City. As such, letters of this nature are prohibited from being posted in or around the workplace.

Allegations of racial discrimination are very serious. However, they can only be investigated properly when those that truly are the victims of such actions step forward, file a complaint, and cooperate with the ensuing investigation. Allegations contained in anonymous letters weaken the credibility of both the complaint and the complainant.

We strongly encourage officers and civilians in the Police Department to utilize the established procedures for communicating their concerns. The proper filing of a complaint allows for a more efficient and effective investigation of the matter. Notwithstanding the fact that the authors of the anonymous letters chose to disregard the established complaint procedure and exercised poor judgment in the manner in which they chose to voice their concerns, we are reviewing information related to the allegations in an effort to determine their veracity because of the gravity of the allegations and this Administration's commitment to fairness and equality.

Further, we have partnered with the Delaware Department of Labor to provide mandatory re-training in the areas of harassment and discrimination for all members of the Wilmington Police Department.

In closing, please be assured that discrimination and harassment in any form, whether it be in the promotional system or the posting of inappropriate and inflammatory literature in the workplace, are not and will not be tolerated by this Administration. We are dedicated to ensuring that all employees of the City of Wilmington have equal opportunity for success and advancement in their careers and are treated with the respect and dignity we all deserve.

Sincerely,

Bill Montgomery

| | | |
|---|---|---|
| James M. Baker<br>Mayor | William S. Montgomery<br>Chief of Staff | James N. Mosley<br>Director of Public Safety |
| Michael J. Szczerba<br>Chief of Police | Monica Gonzalez-Gillespie<br>Director of Personnel | John R. Sheridan<br>City Solicitor |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

KENNETH A. BOYD, :
:
Plaintiff, :
: C.A. No. 05-178 KAJ
v. : TRIAL BY JURY DEMANDED
:
WILMINGTON POLICE DEPARTMENT, :
:
Defendant. :

**AFFIDAVIT OF CHIEF MICHAEL SZCZERBA**

STATE OF DELAWARE )
) SS.
COUNTY OF NEW CASTLE )

I, MICHAEL SZCZERBA, being duly sworn according to law, depose and state that the information contained herein is based on my own personal knowledge and is true and correct:

1. My name is Michael Szczerba.

2. I have been a member of the Wilmington Police Department for 27 years.

3. I am the Chief of Police for the Wilmington Police Department. I have been the Chief of Police for approximately six (6) years.

4. When I was appointed Chief of Police on January 8, 2001, there were several promotional openings within the ranks of inspector, captain, lieutenant and sergeant.

5. Shortly after my appointment, I made several promotions in order to fill the vacant positions.

6. Although the initial promotional announcements were made on or about the same date, each promotion was a separate and distinct promotion.

7. The order in which the promotions were made was significant in that every promotion was retroactive to the date that position became available. Therefore, the order in which I promoted those initial individuals determined that individual's retroactive pay and seniority within that specific rank. Seniority in rank, in turn, may effect the individual's ability to choose vacation time in certain divisions.

8. The effective date of the promotion, not the date on which the promotion was ultimately announced, is the date which governs in the Wilmington Police Department.

9. When I contemplated which candidates to choose for promotion to those openings available at the time I took office, I specifically considered the order of each promotion in light of the retroactive effect of my selection. I considered each opening as if it were the sole opening, not merely part of a group.

4-24-06
Dated

Michael J. Szczerba
Chief Michael Szczerba

SWORN TO AND SUBSCRIBED before me on this 24th day of April, 2006.

Anne S. Herrell
Notary Public
ANNE S. HERRELL
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Oct. 15, 2009