IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-178 KAJ |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW AND/OR AMEND ITS RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(B)**

For the reasons stated herein, Defendant Wilmington Police Department, by and through its counsel, respectfully requests that this Honorable Court grant its Motion to withdraw any statements deemed admitted by virtue of filing Defendant's Responses to Plaintiff's First Request for Admissions Directed to Defendant beyond the initial thirty (30) day response period, and/or amend its answers with the responses filed on January 30, 2006. In support of its request, Defendant states the following:

**STATEMENT OF FACTS**

1) On September 30, 2005, Defendant served via hand delivery Defendant's First Set of Interrogatories Directed to Plaintiff, and Defendant's First Request for Production of Documents Directed to Plaintiff. (Ex.1).

2) Also, on September 30, 2005, Plaintiff served Plaintiff's First Set of Interrogatories Directed to Defendant, Plaintiff's First Request for Production of Documents Directed to Defendant and Plaintiff's First Request for Admissions Directed to Defendant. (Ex. 2)

3)      On or about October 26, 2005, undersigned counsel contacted counsel for Plaintiff, Jeffrey K. Martin, Esquire, by telephone and suggested to Mr. Martin that the Court's Scheduling Order be amended to extend the discovery deadline to January 30, 2006. Mr. Martin had recently requested that several depositions involving Wilmington Police officers be scheduled for November 21 and 28. Mr. Martin had indicated that he was scheduled for trial in the month of November and that his availability was limited. Undersigned counsel advised Mr. Martin that scheduling the officers in the limited amount of time given would be difficult due to the officers' shifts and the impending holidays. As such, amending the discovery deadline to January 30, 2006 would afford the parties more flexibility in scheduling the depositions. Mr. Martin agreed to amend the scheduling order. (Ex. 3).

4)      On November 1, 2005, prior to the expiration of the thirty (30) day period in which Defendant was required to respond to Plaintiff's discovery requests, undersigned counsel contacted Mr. Martin by telephone to advise him that the draft Joint Motion to Approve the Stipulation to Amend the Case Scheduling Order was complete, and to request an extension of time in which to respond to Plaintiff's discovery requests. Undersigned counsel advised Mr. Martin that at the time, she was involved in a Chancery Court matter, <u>Ramunno v. Delaware College of Art and Design, et. al</u>, C.A. No. 1127-N, which was placed on an expedited track for trial on October 26, 2005. Trial in <u>Ramunno</u> was scheduled for December 22, 2005, with discovery to conclude on November 30, 2005, and pre-trial opening and answering briefs to be submitted by December 5, 2005 and December 12, 2005, respectively.

5)      Mr. Martin verbally agreed to the extension of time for Defendant's discovery responses. Undersigned counsel then confirmed the extension in a letter dated November 1, 2005,

indicating that she would forward Defendant's responses by November 14, 2005.[1] (Ex. 4). Undersigned counsel also filed the Joint Motion to Approve the Stipulation to Amend the Case Scheduling Order to change the discovery deadline to January 30, 2006. (Ex. 4). At that time, Mr. Martin did not discuss nor seek an extension with regard to Plaintiff's responses to Defendant's outstanding discovery requests.

6) Due to the fact that Plaintiff had requested the personnel files of several officers which required Defendant to review the files and redact certain personal information, and the voluminous discovery taking place in Ramunno, undersigned counsel was unable to complete the outstanding discovery by November 14. As such, undersigned counsel contacted Mr. Martin by telephone and requested an extension in which to formally respond to Plaintiff's discovery until after the Ramunno trial was completed. Undersigned counsel also indicated that she would forward the majority of the documents requested as soon as possible. Mr. Martin agreed to the extension. Again, at that time, Mr. Martin did not seek an extension with regard to Plaintiff's now overdue responses.

7) Relying on Mr. Martin's verbal assent, undersigned counsel did not confirm Mr. Martin's agreement to the extension in writing.[2]

8) On November 22, 2005, undersigned counsel contacted Mr. Martin and provided Plaintiff with the following documents in response to Plaintiff's discovery requests: the redacted

---

[1] The letter referenced Plaintiff's First Set of Interrogatories Directed to Defendant, and Plaintiff's First Request for Production of Documents Directed to Defendant, inadvertently leaving out Plaintiff's First Request for Admissions Directed to Defendant. However, counsel's telephone discussion addressed all outstanding discovery requests, including the Request for Admissions.

[2] Undersigned counsel realizes her mistake and accepts responsibility for not consistently documenting in writing counsel's discussions regarding the extension of specific deadlines. Undersigned counsel incorrectly assumed that she could simply rely on Mr. Martin's verbal agreement.

personnel files of Liam Sullivan, Michael Rodriguez, Dennis O'Connor, Joseph Sammons and Kenneth Boyd, bates range 1 - 2583; Directive 6.44, bates range 2584 - 2588; job task analysis for sergeants, bates range 2589 - 2606; salary information, bates range 2607 - 2609; seniority lists, bates range 2610 - 2631; and the promotional test memoranda, bates range 2632 - 2703. (Ex. 5).

9) On November 23, 2005, Plaintiff served his responses to Defendant's discovery requests. The responses were approximately three (3) weeks past due. (Ex. 9).

10) At the pretrial conference held on December 20, 2005, one (1) day prior to trial, the parties in Ramunno resolved the case.

11) Undersigned counsel was out of the office on December 21, 2005, and December 23 through January 3, 2006.

12) On or about January 4, 2006, undersigned counsel contacted Mr. Martin via telephone and indicated that she would complete any outstanding discovery by the end of January, 2006. Mr. Martin did not voice any objection. Indeed, Mr. Martin indicated to undersigned counsel that he had "forgotten" about the remainder of the discovery and "appreciated" the fact that undersigned counsel had brought it to his attention.

13) Once again relying on Mr. Martin's verbal agreement, undersigned counsel did not confirm counsel's discussion in writing.

14) On January 30, 2006, Defendant served its formal responses to Plaintiff's First Set of Interrogatories Directed to Defendant, Plaintiff's First Request for Production of Documents Directed to Defendant and Plaintiff's First Request for Admissions Directed to Defendant, together with several miscellaneous documents supplementing its previous document production. (Ex. 6).

15) On March 8, 2006, Defendant filed its Motion for Summary Judgment and Opening Brief. (D.I. 42, 43).

16) On April 10, 2006, Plaintiff filed his Answering Brief in opposition to Defendant's Motion for Summary Judgment. (D.I. 51).

17) Surprisingly, Plaintiff's Answering Brief contained the following single statement: "The Wilmington Police Department admitted that after placement in the Band, Chief Szczerba promotes eligible officers on the basis of his or her seniority." In support of this single sentence, Plaintiff indicated, in a footnote, that "Defendant failed to file its Answer to Plaintiff's Request for Admissions until January 30, 2006. In accordance with Federal Rule (sic) Civil Procedure 36(a), the matter is deemed admitted due to Defendant's failure to serve a written answer or objection within 30 days after service." (D.I. 51, p. 7-8, n.7).

18) However, in light of the above history, Plaintiff's statement is erroneous and certainly less than candid. Plaintiff's counsel, Mr. Martin, completely omits the fact that prior to the expiration of the time for answering the Request for Admissions, undersigned counsel sought extensions of time, to which Mr. Martin readily agreed. Upon answering the Request for Admissions, that specific misstatement of fact was denied. (Ex. 7). Therefore, this allegation was not deemed admitted by virtue of the fact that Defendant did not file an answer within thirty (30) days.

19) In an effort to correct Mr. Martin's misstatement and resolve the matter without the Court's involvement, undersigned counsel contacted Mr. Martin by telephone. Mr. Martin was unavailable at the time, and undersigned counsel left him a voice mail message. In the message, undersigned counsel advised Mr. Martin that he had previously agreed on several occasions to an extension of the discovery deadlines, and, therefore, his assertion that the responses to the Request for Admissions were late was incorrect and must be withdrawn. Undersigned counsel asked Mr. Martin to contact her in an effort to resolve the matter.

20)    The following day, Mr. Martin contacted undersigned counsel and left a voice mail message. In his message, Mr. Martin indicated that he only recalled the January, 2006 conversation with counsel, and that he had only agreed to a one week extension. He further indicated that he "would never have waived" the thirty day response requirement for the Request for Admissions. Mr. Martin stated that he would not agree to withdraw the assertion contained in his Answering Brief, and undersigned counsel would need to address the matter with the Court.

## LEGAL ARGUMENT

21)    The above facts clearly demonstrate that Defendant had obtained extensions from Plaintiff's counsel in which to respond to his Request for Admissions. Contrary to the picture Plaintiff attempts to portray in his Answering Brief, Defendant did not simply submit its responses to Plaintiff's discovery requests three (3) months late. Undersigned counsel had advised Mr. Martin on several occasions of the status of the discovery and had submitted the vast majority of the documents requested on November 22, 2005, the day before Mr. Martin forwarded Plaintiff's own overdue discovery responses. At no time did Mr. Martin indicate that he objected to undersigned counsel's extension requests, either verbally, through written correspondence, or through a motion to compel. Certainly, Mr. Martin never conveyed to undersigned counsel during counsel's numerous discussions his belief that the Request for Admissions had been deemed admitted. Mr. Martin also did not dispute or move to strike Defendant's Responses to Plaintiff's Request for Admissions submitted January 30, 2006 in which Defendant specifically denied using seniority to select promotional candidates from within a Band. Instead, in what can only be characterized as a desperate grasping at straws, Mr. Martin raised this issue for the first time through a single sentence footnote contained in Plaintiff's Answering Brief in response to Defendant's Motion for Summary Judgment.

22) Notwithstanding the fact that Defendant had obtained Plaintiff's consent to submit its responses beyond the thirty (30) day time period required by Federal Rule of Civil Procedure 36(a), the Rule also permits a party to withdraw and/or amend its responses if the Court deems the responses late.

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Fed. R. Civ. P. 36(b).

23) This Court has held that Rule 36(b) places a burden on both the party who makes the admission and the party who obtains the admission. "The party making the admission must show that the presentation of the merits will be subserved. The Party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him." Coca-Cola Bottling Co. of Shreveport, Inc. v. The Coca-Cola Co., 123 F.R.D. 97, 102 (D. Del. 1988). In this regard, Rule 36(b) emphasizes "the importance of having an action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not prejudice him." Id. at 103, quoting Advisory Committee's Notes to the 1970 Amendments of Rule 36, 48 F.R.D. 487, 534 (1970); *see also*, Maramont Corp. v. B. Barks & Sons, Inc., 1999 U.S. Dist. LEXIS 278, *8 (E.D. Pa. Jan. 14, 1999) quoting Beatty v. United States, 983 F.2d 908, 909 (8th Cir. 1993)("where possible, an action should be resolved on its merits")("deemed admissions should prevail over 'the quest for the truth only in extreme circumstances'") and Szatanek v. McDonnell Douglas Corp., 109 F.R.D. 37, 39-40 (W.D.N.Y. 1985)(allowing belated responses to request for admissions because this served to resolve the matter on the merits and opposing party failed to demonstrate actual prejudice).

24) When considering whether "the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case." Id., citing Clark v. City of Munster, 115 F.R.D. 609 (D. Ind. 1987)(holding late response to admission request permitted where deposition and response concur). In the present matter, the merits of this case would be greatly subserved should the Court permit the Defendant to withdraw any statements deemed admitted and amend the record with Defendant's Responses to Plaintiff's Request for Admissions served on January 30, 2006. (Ex. 7). First, as Plaintiff is well aware, the record clearly indicates that Defendant has consistently denied promoting candidates based upon their seniority. (See, D.I. 4, 43, 52; Ex. 7,8). Throughout Chief Szczerba's deposition, Chief Szczerba adamantly denied basing his promotional decisions on seniority. (Ex. 8). Second, the record is replete with evidence contrary to Plaintiff's allegations of promotions based upon seniority which support his theory of racial discrimination. (See, D.I. 43, 52, Defendant's Opening Brief and Reply Brief in Support of its Motion for Summary Judgment wherein the substantive issues involved in this matter are discussed at length. As such, Defendant will not repeat these arguments herein.)

26) Further, "a party opposing the withdrawal or amendment of an admission must demonstrate that he will be prejudiced thereby. A party is not prejudiced by a belated response simply because his position is prejudiced by the true facts contained in the response." Maramont Corp., 1999 U.S. Dist. LEXIS 278, *8 (internal citations omitted). Plaintiff will not suffer undue prejudice should the Court permit Defendant to withdraw any deemed admissions and amend the record with Defendant's Responses to Plaintiff's Request for Admissions served on January 30, 2006. First, Plaintiff has clearly not relied on Defendant's alleged admission in drafting his Answering Brief in opposition to Defendant's Motion for Summary Judgment. Plaintiff raised this

issue in a single sentence footnote in his Statement of Facts and never utilized this alleged admission in his responsive arguments. Second, Plaintiff has asked questions regarding the issue of seniority in the promotional selections at each deposition he has taken. Third, Plaintiff has not relied on this alleged admission in preparation for trial. See, Jacobs v. City of West Chester, 1998 U.S. Dist. LEXIS 80, *3-4 (E.D. Pa. Jan. 12, 1998)(denying defendants' motion to strike plaintiff's belated responses when defendants have not demonstrated any material prejudice as a result of the belated filing, and defendants did not file any dispositive motions or inalterably commit themselves to a trial strategy in reliance on the unanswered requests), citing BML Group, Inc. v. U.S. Pizza, Inc., 1992 U.S. Dist. LEXIS 6477, *1 (E.D. Pa. April 30, 1992)(plaintiff's responses to requests for admissions not stricken though served over two months late when defendant did not suffer significant prejudice).

WHEREFORE, given the above, Defendant respectfully requests that this Honorable Court grant its Motion to withdraw any statements deemed admitted by virtue of filing Defendant's Response to Plaintiff's First Request for Admissions Directed to Defendant beyond the initial thirty (30) day response period, and/or amend its answers with the responses filed on January 30, 2006.

CITY OF WILMINGTON LAW DEPARTMENT

  /s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant

DATED:     April 27, 2006