IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-178 (KAJ) |
| v. | : | TRIAL BY JURY |
| DEMANDED | | |
| | : | |
| WILMINGTON POLICE DEPARTMENT, | : | |
| | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT'S MOTION TO WITHDRAW AND OR AMEND ITS RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(B)

For the reasons stated herein, Plaintiff Kenneth Boyd, by and through his attorney, respectfully requests that this Honorable Court deny Defendant's Motion to withdraw any statements deemed admitted by virtue of filing Responses to Plaintiff's First Request for Admissions Directed to Defendant three (3) months after the due date, and/or deny Defendant's Motion to Amend its answers with the responses filed on January 30, 2006. In support of its request, Defendant states the following:

**STATEMENT OF FACTS**

1. It is undisputed that on September 30, 2005, Defendant served via hand delivery Defendant's First Set of Interrogatories Directed to Plaintiff, and Defendant's First Request for Production of Documents Directed to Plaintiff. Also, on September 30, 2005, Plaintiff served Plaintiff's First Set of Interrogatories Directed to Defendant, Plaintiff's First Request for

Production of Documents Directed to Defendant and Plaintiff's First Request for Admissions Directed to Defendant.

2. In accordance with the Scheduling Order, all discovery in this case was to be initiated so that it would be completed on or before November 30, 2005. (Ex. 1) On October 26, 2005, Jeffrey K. Martin received a telephone call from counsel for Defendant, Rose Tassone, Esquire, regarding an extension for the discovery period to allow both parties a sufficient amount of time to conduct and complete the necessary discovery. As a result, the scheduling order was amended to extend the discovery cut-off to January 30, 2006. (Ex. 2).

3. Defendant was required to respond to Plaintiff's discovery requests, including Plaintiff's Request for Admissions, on or before October 30, 2005. Ms. Tassone did not contact Mr. Martin prior to the expiration of the thirty (30) day period in which Defendant was required to respond to Plaintiff's discovery requests. According to Ms. Tassone, on November 1, 2005, *after* the expiration of the thirty (30) day period in which Defendant was required to respond to Plaintiff's discovery requests, Ms. Tassone contacted Mr. Martin to request an extension of time in which to respond to Plaintiff's discovery requests.

4. Plaintiff sent a letter to Mr. Martin dated November 1, 2005, indicating that she would forward Defendant's responses to "Plaintiff's Interrogatories and Request for Production no later than November 14, 2005." (Ex. 3). Interestingly, Ms. Tassone's letter makes no mention of Plaintiff's Request for Admissions that were served on Defendant on September 30, 2005.

5. According to Mr. Martin's time records, he received a call from Ms. Tassone on November 2, 2005. In that conversation, Ms. Tassone discussed that she may send a letter to Mr. Martin hoping to narrow some of Plaintiff's discovery requests. Ms. Tassone did not discuss Plaintiff's Request for Admissions at that time. Contrary to Ms. Tassone's assertion, Mr. Martin did not agree to an extension in which to respond to Plaintiff's Request for Admissions until after

the <u>Ramunno v. Delaware College of Art and Design, et. al</u>, C.A. No. 1127-N, trial was complete.

6. On or about November 23, 2005, Ms. Tassone sent more than 3,000 pages in discovery responses to Jeffrey K. Martin. However, Defendant's Answers to Plaintiff's Request for Admissions were not included.

7. According to Rose Tassone, she contacted Mr. Martin on or about January 4, 2006 via telephone and indicated that she would complete any outstanding discovery by the end of January 2006 and that Mr. Martin did not voice any objection. However, Mr. Martin was in Aspen, Colorado beginning on January 2, 2006 and continuing through January 8, 2006. As a result, Mr. Martin did not have any communication with Rose Tassone in or around January 4, 2006.

8. On January 12, 2006, the deposition of Plaintiff was held at the City Solicitor's office.

9. On January 18, 2006, the deposition of Captain James Jubb was held at the Mr. Martin's office.

10. On January 23, 2006, the depositions of Inspector Gilbert Howell and Chief Szczerba were held at the Mr. Martin's office. It was on or about January 23, 2006 that Ms. Tassone advised Mr. Martin that she would produce overdue discovery responses "next week". Ms. Tassone made no mention of Plaintiff's Request for Admissions. Therefore, Mr. Martin was not aware of the exact nature of the outstanding discovery and his response to Ms. Tassone was "sure".

11. On January 30, 2006, Defendant served its responses to Plaintiff's First Set of Interrogatories Directed to Defendant, Plaintiff's First Request for Production of Documents Directed to Defendant and Plaintiff's First Request for Admissions Directed to Defendant,

together with several miscellaneous documents supplementing its previous discovery of documents.

12.  On March 8, 2006, Defendant filed its Motion for Summary Judgment and Opening Brief.

13.  On April 10, 2006, Plaintiff filed his Answering Brief in opposition to Defendant's Motion for Summary Judgment. In his Answering Brief, Plaintiff points out that, "The Wilmington Police Department admitted that after placement in the Band, Chief Szczerba promotes eligible officers on the basis of his or her seniority." (See Plaintiff's Answering Brief at 7). Plaintiff indicated, in a footnote, that "Defendant failed to file its Answer to Plaintiff's Request for Admissions until January 30, 2006. Also, Plaintiff cites to Plaintiff's Request for Admissions in support of his contention that despite Plaintiff Boyd's qualifications, the Wilmington Police Department failed to promote the Plaintiff to the position of sergeant. (See Plaintiff's Answering Brief at 8).

14.  Upon receipt of Plaintiff's Answering Brief, Ms. Tassone contacted Mr. Martin and left a voicemail message indicating that Mr. Martin had previously agreed "on several occasions" to an extension of the discovery deadline, and therefore, Mr. Martin's assertion that the responses to the Request for Admissions were late must be withdrawn.

15.  The following day, Mr. Martin contacted Ms. Tassone and left a voice mail message. In his message, Mr. Martin indicated that he recalled the January 2006 conversation with counsel. He further indicated that he did not waive the thirty day response requirement for the Request for Admissions and that he would not agree to withdraw the assertion contained in his Answering Brief.

16.  Thereafter, Mr. Martin received a voicemail message from Ms. Tassone indicating that she had done the research and intended to file a motion with the Court regarding the Request for Admissions. She also stated that she "expected" this from Mr. Martin given the

fact that, according to Ms. Tassone, there was no merit to the arguments set forth in Plaintiff's Answering Brief.

## **LEGAL ARGUMENT**

17. The above facts clearly indicate that there was no stipulation between the parties to extend the time for Defendant to file Answers to Plaintiff's Request for Admissions. As noted, Defendant was required to respond to Plaintiff's Request for Admissions, on or before October 30, 2005. There was no discussion between counsel concerning Plaintiff's Request for Admissions as indicated by Ms. Tassone's November 1, 2005 letter. Ms. Tassone's letter makes no mention of the Request for Admissions; rather, Ms. Tassone's letter states, "I also indicated during that conversation, Defendant will submit a response to Plaintiff's <u>Interrogatories</u> and <u>Request for Production</u> no later than November 14, 2005" (emphasis added). As such, no extension was either requested or given with respect to the Plaintiff's Request for Admissions.

18. Additionally, Ms. Tassone references a conversation that allegedly occurred on January 4, 2006 in which Mr. Martin granted the Defendant an extension to file its Answer to Request for Admissions. As previously noted, Mr. Martin did not have <u>any</u> communication with Ms. Tassone at that time as he was in Aspen, Colorado from January 2, 2006 through January 8, 2006. Also important to note is the fact that according to Ms. Tassone, Mr. Martin granted Defendant an extension to file its Answers to Request for Admission until after the <u>Ramunno</u> trial. The <u>Ramunno</u> trial settled on December 20, 2005. Yet, Mr. Martin did not receive Defendant's Responses to Request for Admissions until more than one (1) month later on January 30, 2006. Moreover, Mr. Martin respectfully submits that he would never have agreed to an extension of the discovery deadline beyond more than three months after the due date. Finally, Mr. Martin's acknowledgment that he was not aware of the nature of discovery due is in no way a waiver of the thirty day response requirement for the Request for Admissions.

19. Notwithstanding the fact that Plaintiff did not grant Defendant an extension to submit its responses three months after the time period required by Federal Rule of Civil Procedure 36(a), the Rule permits a party to withdraw and/or amend its responses if the Court deems the responses late. Under Fed. R. Civ. P. 36(b), a court may permit withdrawal or amendment of a response to a request for an admission when the presentation of merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits. Coca-Cola Bottling Co. of Shreveport, Inc. v. The Coca-Cola Co., 123 F.R.D. 97, 102 (D. Del. 1988). Because the language of Fed. R. Civ. P. 36(b) is permissive, the court has substantial discretion in deciding whether to grant an amendment of the admission. Id. at 103.

20. The court need not make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. Id., Carney v. Internal Revenue Service, 258 F.3d 415, 419 (5th Cir. 2001). Further, Fed. R. Civ. P. 56(c) specifies that "admissions on file" can be an appropriate basis from granting summary judgment. Carney, *supra* at 420. Since Fed. R. Civ. P. 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment records. Id.

21. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to ensure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. Carney, *supra* at 421.

22. A failure to respond to a request to admit will permit a district court to enter summary judgment if the facts admitted are dispositive. Moosman v. Aetna Insurance Company, 358 F.2d 686 (2nd Cir. 1966). Likewise, the effect of a failure to respond to request for admission

will permit a district court to deny summary judgment if the facts admitted add to the evidence to create a genuine issue of material fact.

23. When considering whether "the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case." Coca-Cola, *supra* at 102 (holding that the presentation of the merits will not be improved by allowing defendant to revise its admission since the record as it exists supports the truth of the admissions). In the instant case, the presentation of the merits will not be subserved by permitting Defendant to withdraw statements deemed admitted because the evidence before the Court supports the truth of the admissions that: 1) Chief Szczerba used seniority as the basis for his promotion of candidates to the rank of sergeant and lieutenant and 2) Despite Plaintiff Boyd's qualifications, the Wilmington Police Department failed to promote the Plaintiff to the position of sergeant. (See Plaintiff's Answering Brief at 7,8). Both Officer Debbie Donohue and Inspector Gilbert Howell testified that the Chief made statements that he in fact used seniority as the basis for his promotions. (See Plaintiff's Answering Brief at 7). Additionally, Chief Szczerba and Inspector Gilbert Howell testified that Plaintiff Boyd possessed the necessary qualifications to be promoted to the rank of sergeant. (Id. at 7, Plaintiff's Answering Brief in Opposition to Defendant's Motion for Summary Judgment wherein the substantive issues involved in this matter are discussed at length. As such, Plaintiff will not repeat these arguments herein.)

24. Further, "it is wholly within the district court's discretion to deny an amendment to the pleadings for delay and prejudice to the opposing party." Fort Howard paper Co. v. Standard Havens, Inc., 901 F. 2d 1373, 1379-80 (7th Cir. 1990). Plaintiff Boyd will suffer undue prejudice should the Court permit Defendant to withdraw any deemed admissions and amend the record with Defendant's Responses to Plaintiff's Request for Admissions served on January 30, 2006. In developing his theory of the case in his Answer to Defendant's summary judgment

motion, Plaintiff Boyd relied on the conclusiveness of Defendant's admission that the Chief promoted based on seniority once officers are placed in the bands and also its admission that Plaintiff Boyd was denied a promotion despite his qualifications. (See Plaintiff's Answering Brief at 7,8). The admissions at issue in the Plaintiff's Answer to Defendant's Motion for Summary Judgment establish that Defendant promoted based on seniority, with the implication that Plaintiff, who was next in line for a promotion, was denied a promotion because of his race. In view of this, the amendment or withdrawal of these admissions would be highly prejudicial to Boyd. Notwithstanding this potential prejudiced to the Plaintiff, because the language of Rule 36 is permissive, the court is not required to make an exception to the rule that the matter is deemed admitted even if the party seeking the admission will not be prejudiced. Carney, *supra* at 419.

WHEREFORE, given the above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to withdraw any statements deemed admitted by virtue of Defendant's failure to file its Response to Plaintiff's Request for Admissions beyond the initial thirty (30) day response period, and/or deny Defendant's Motion to amend its answers with the responses filed on January 30, 2006.

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire(#2407)
Lori A. Brewington, Esquire (#4522)
Wilmington, Delaware 19806
(302) 777-4680
(302) 777-4682 facsimile
jmartin@margolisedelstein.com
Attorneys for Plaintiff Kenneth A. Boyd

DATED: May 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. BOYD, | : |
| | : |
| Plaintiff, | : |
| | : C.A. No. 05-178 (KAJ) |
| v. | : TRIAL BY JURY DEMANDED |
| | : |
| WILMINGTON POLICE DEPARTMENT, | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I, Lori A. Brewington, Esquire, hereby certify that on this 8th day of May, 2006, I filed *Plaintiff's Memordandum of Points and Authorities in Opposition to Defendant's Motion to Withdraw and or Amend its Response to Plaintiff's Request for Admissions Pursuant to Federal Rule of Civil Procedure 36(b)* with the Clerk of the Court using CM/ECF which will send notification of such filing(s) that this document is available for downloading from CM/ECF to the following:

Roseamarie Tassone, Esquire (#3546)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801

                                          MARGOLIS EDELSTEIN

                                          Jeffrey K. Martin, Esquire (#2407)
                                          Lori A. Brewington, Esquire (#4522)
                                          Wilmington, Delaware 19806
                                          (302) 777-4680
                                          (302) 777-4682 facsimile
                                          jmartin@margolisedelstein.com
                                          Attorneys for Plaintiff Kenneth A. Boyd