# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. BOYD, | : |
| | : |
| Plaintiff, | : |
| | : C.A. No. 05-178 KAJ |
| v. | : TRIAL BY JURY DEMANDED |
| | : |
| WILMINGTON POLICE DEPARTMENT, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW AND/OR AMEND ITS RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36(B)**

For the reasons stated herein, Defendant Wilmington Police Department, by and through its counsel, respectfully requests that this Honorable Court grant its Motion to withdraw any statements deemed admitted by virtue of filing Defendant's Responses to Plaintiff's First Request for Admissions Directed to Defendant beyond the initial thirty (30) day response period, and/or amend its answers with the responses filed on January 30, 2006. In further support of its request, and in response to Plaintiff's Memorandum of Points and Authorities in Opposition, Defendant states the following:

1. In Plaintiff's Statement of Facts, Plaintiff indicates that "according to Mr. Martin's time records," undersigned counsel did not contact Mr. Martin for an extension of the deadline in which to respond to Plaintiff's outstanding discovery until November 2, 2005. This statement is belied by the documents submitted by Defendant in its Memorandum of Points and Authorities submitted in support of its Motion to Withdraw and/or Amend. ("Defendant's Opening Memorandum"). Exhibit 3 consists of Defendant's Interim Status Report dated October 26, 2005 which references undersigned counsel's first conversation with Mr. Martin to extend the discovery

deadline. Exhibit 4 consists of the letter dated November 1, 2005 from undersigned counsel to Mr. Martin attaching the Stipulation to Amend the Scheduling Order and confirming the extension for Defendant's responses to Plaintiff's discovery requests. The letter specifically references the "recent telephone conversation" between counsel. Exhibit 4 also includes the fax confirmation report indicating that the letter was faxed to Mr. Martin on November 1, 2005 at 1:34 p.m, not November 2, 2005.

2. Plaintiff also points to the fact that undersigned counsel's November 1, 2005 letter "makes no mention of Plaintiff's Request for Admissions." However, as Defendant advised the Court in footnote 1 in its Opening Memorandum, the letter referenced Plaintiff's First Set of Interrogatories Directed to Defendant, and Plaintiff's First Request for Production of Documents Directed to Defendant and inadvertently left out Plaintiff's First Request for Admissions Directed to Defendant. However, counsel's telephone discussion addressed all outstanding discovery requests, including the Request for Admissions. Plaintiff's apparent argument that Defendant's request to extend the discovery deadlines, and Plaintiff's agreement to extend the deadlines, did not apply to the Request for Admissions, but only to the Requests for Production of Documents and Interrogatories is illogical. Why would counsel request and agree to extend the discovery response deadline for only two of the three outstanding discovery matters? Further, if in fact Mr. Martin would never have waived the thirty day response deadline for Plaintiff's Request for Admissions as Plaintiff argues, then Mr. Martin would have indicated his objection to Defendant's request for an extension as to the Request for Admissions.[1]

---

[1] It should be noted that in response to undersigned counsel's voicemail message requesting that Mr. Martin withdraw the statement contained in his Answering Brief in Opposition to Summary Judgment, Mr. Martin stated that he would never have waived the thirty day response period for the Request for Admissions, and that he only recalled speaking to undersigned counsel once in January, 2006 with regard to an extension. However, upon

3.      Lastly, in response to Defendant's statement that undersigned counsel contacted Mr. Martin on or about January 4, 2006 with regard to the outstanding discovery, Plaintiff notes that Mr. Martin was in Aspen, Colorado from January 2 - 8 and, therefore, could not have spoken to undersigned counsel on January 4. While Defendant has no basis to dispute Plaintiff's statement that Mr. Martin was in Colorado during that time period, Defendant did, indeed, contact Mr. Martin's office "on or about" January 4. Defendant did not aver that the conversation specifically took place on January 4 because undersigned counsel cannot recall the specific date, only that it was not on January 3, the first business day after the holidays. Rather, undersigned counsel recalls that shortly after returning from the holiday vacation during the first week of January, she contacted Mr. Martin. If Mr. Martin was in fact out of the office, then undersigned counsel would have left Mr. Martin a detailed voicemail message as she had done on several previous occasions and spoke directly to Mr. Martin upon his return. However, undersigned counsel certainly did not delay until January 23, 2006, at Gilbert Howell's deposition, to discuss the outstanding discovery as Plaintiff now contends.

4.      Although Plaintiff argues that Mr. Martin had not agreed to any of the requests for extensions, the record clearly belies that assertion. Indeed, one would expect that had Mr. Martin not agreed to extend the discovery response period as Plaintiff now asserts, the record would contain correspondence from Mr. Martin regarding Defendant's responses. However, Plaintiff never filed a motion to compel discovery or even sent a letter to undersigned counsel requesting a response to the outstanding discovery. In fact, the only correspondence with regard to discovery was initiated

---

receiving Defendant's Opening Memorandum, Plaintiff now acknowledges a conversation in November, 2005 between counsel, and Plaintiff avers not that Mr. Martin would never have waived the thirty day response period, but that "Mr. Martin would never have agreed to an extension of the discovery deadline beyond more than three months after the due date." It should also be noted that three months from the initial discovery due date would be January 31, 2006, one day after Defendant served Plaintiff with its formal discovery responses.

by undersigned counsel.

5. It is undisputed that in opposing a motion to withdraw and/or amend pursuant to Federal Rule of Civil Procedure 36(b), "[t]he Party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him." Coca-Cola Bottling Co. of Shreveport, Inc. v. The Coca-Cola Co., 123 F.R.D. 97, 102 (D. Del. 1988). In this matter, Plaintiff takes the posture that the Court should simply exercise its discretion and refuse to grant Defendant's Motion. However, Plaintiff fails to demonstrate to the Court the prejudice Plaintiff would suffer should the Court permit Defendant to amend the record with its responses to Plaintiff's Request for Admissions filed on January 30, 2006. Indeed, the only "prejudice" Plaintiff proffers the Court is the following statement:

> In developing his theory of the case in his Answer to Defendant's summary judgment motion, Plaintiff Boyd relied on the conclusiveness of Defendant's admission that the Chief promoted based on seniority once officers are placed in the bands and also its admission that Plaintiff Boyd was denied a promotion despite his qualifications.[2] The admission at issue in the Plaintiff's Answer to Defendant's Motion for Summary Judgment establish that Defendant promoted based on seniority, with the implication that Plaintiff, who was next in line for a promotion, was denied a promotion because of his race. In view of this, the amendment or withdrawal of these admissions would be highly prejudicial to Boyd. Notwithstanding this potential prejudice to the Plaintiff, because the language of Rule 36 is permissive, the court is not required to make an exception to the rule that the matter is deemed admitted even if the party seeking the admission will not be prejudiced. (D.I. 59 ¶ 24).

6. Plaintiff's conclusory statement that he will be prejudiced by the withdrawal or amendment of the alleged admission is insufficient to overcome Defendant's Motion. In fact, Plaintiff's statement that he relied on the alleged admission "[i]n developing his theory of the case

---

[2] Defendant has never argued that Plaintiff was not qualified for promotion to sergeant, but rather that Chief Szczerba believed that Michael Rodriguez would make a better supervisor. Indeed, in Defendant's Responses to Plaintiff's Request for Admissions, Defendant stated: "All candidates in a band from which Chief Sczcerba is selecting are eligible for promotion. In 2002-2004, that included Plaintiff." (Ex. 7, ¶2).

in his Answer to Defendant's summary judgment motion" is belied by the arguments actually presented in the Answering Brief itself. Plaintiff only referenced this alleged admission in a single sentence in his Statement of Facts and never utilized it in his responsive arguments. Rather, in the Argument section of Plaintiff's Answering Brief, Plaintiff attempted to prove that Chief Szczerba promoted individuals on the basis of seniority by recounting all the promotions made by Chief Szczerba to the ranks of lieutenant and sergeant. Plaintiff did not attempt to prove his allegation by relying on Defendant's alleged admission. (D.I. 51, pp. 13-19). Ironically, by recounting these promotions, Plaintiff noted several instances in which Chief Szczerba did not promote the most senior candidate.

7. Further, Plaintiff has not indicated that he will be prejudiced at trial should the Court grant Defendant's Motion. See, Jacobs v. City of West Chester, 1998 U.S. Dist. LEXIS 80, *3-4 (E.D. Pa. Jan. 12, 1998)(denying defendants' motion to strike plaintiff's belated responses when defendants have not demonstrated any material prejudice as a result of the belated filing, and defendants did not file any dispositive motions or inalterably commit themselves to a trial strategy in reliance on the unanswered requests), citing BML Group, Inc. v. U.S. Pizza, Inc., 1992 U.S. Dist. LEXIS 6477, *1 (E.D. Pa. April 30, 1992)(plaintiff's responses to requests for admissions not stricken though served over two months late when defendant did not suffer significant prejudice).

8. Although Plaintiff has failed to demonstrate that he will suffer any prejudice should the Court grant Defendant's Motion, Defendant has demonstrated that the merits of this case would be greatly subserved should the Court permit the Defendant to withdraw any statements deemed admitted and amend the record with Defendant's Responses to Plaintiff's Request for Admissions served on January 30, 2006. The record is replete with evidence contrary to Plaintiff's allegation of promotions based upon seniority which Plaintiff alleges support his theory of racial discrimination.

In disputing Defendant's argument that Defendant has consistently denied promoting candidates based upon their seniority, Plaintiff continues to point to the statements of Gilbert Howell and Deborah Donohue. However, Plaintiff also continues to ignore the fact that Howell testified that the statement purportedly made by Chief Szczerba during a staff meeting could have referred to the seniority point system that Chief Szczerba implemented as part of the Management Scientists II promotional test system, and Donohue's specific testimony that Chief Szczerba had only been referring to the three (3) promotional selections in Band I, not to all his promotional selections. (A-1036; 1025). Further, Plaintiff ignores the fact that the promotions themselves clearly do not demonstrate that Chief Szczerba promoted based upon an individual's seniority. Specifically, in its briefs in support of its Motion for Summary Judgment, Defendant recounted eleven (11) instances wherein Chief Szczerba did not promoted the most senior candidate.

9. Clearly, given the above, the merits of this case would be subserved by permitting Defendant to amend its responses to Plaintiff's Request for Admissions, thereby furthering the Court's preference for deciding matters on the merits. To do otherwise would simply penalize the Defendant for undersigned counsel's error in judgment in not confirming all of counsel's discussions as they related to discovery extensions.

WHEREFORE, given the above, Defendant respectfully requests that this Honorable Court grant its Motion to withdraw any statements deemed admitted by virtue of filing Defendant's Response to Plaintiff's First Request for Admissions Directed to Defendant beyond the initial thirty (30) day response period, and/or amend its answers with the responses filed on January 30, 2006.

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant

DATED:    May 15, 2006