IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-178-KAJ |
| ) | |
| WILMINGTON POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

**I.   INTRODUCTION**

Presently before me is a Motion for Summary Judgment (Docket Item ["D.I."] 42; the "Motion") filed by defendant, the Wilmington Police Department (the "WPD"). The complaint by plaintiff, Kenneth Boyd ("Boyd"), alleges that the WPD discriminated against him on the basis of his race, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). (D.I. 1 at ¶3.) Boyd also alleges a violation of the "equal opportunity in employment" provision of the City Code of Wilmington, § 35-111,[1] and a violation of the covenant of good faith and fair dealing. (Id. at ¶¶ 55-65.) Jurisdiction over the claims is appropriate under 28 U.S.C. §§ 1331 and 1367. For the reasons that follow, the Motion will be granted as to Boyd's claims under City Code § 35-111, and denied in all other respects.

---

[1] The WPD notes (D.I. 43 at 38) that Boyd incorrectly cites to § 35-111 of the City "Charter," when in fact he appears to mean the City Code. (See D.I. 1 at ¶¶ 56-57.)

## II.  STANDARD OF REVIEW

Summary Judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of material fact, a court must review the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted). The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal citation omitted). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## III.  DISCUSSION

### A.  § 35-111 Claim

Section 35-111 of the City Code of Wilmington sets forth the City's policy and

goals with respect to providing equal opportunity in employment for city employees. *See* Wilmington City Code § 35-111. As the WPD points out (D.I. 43 at 38-40), nothing in this section provides for a private cause of action if the policy is violated. Boyd makes no argument to the contrary in his brief. (*See* D.I. 51.) Therefore, the Motion is granted as to Boyd's claims under § 35-111 of the City Code of Wilmington.

B. **Remaining Claims**

There are genuine issues of material fact at least as to whether WPD Chief Michael Szczerba made promotion decisions based on seniority. Boyd, an African-American, asserts that he was discriminated against because, although he was the most senior corporal eligible for promotion to sergeant, a Hispanic male[2] was promoted instead. (D.I. 1 at ¶ 11.) For promotions to sergeant and lieutenant, the WPD utilizes a promotional examination procedure. (*See* D.I. 47 at A-777-81.) Based on the results of the examination, which is given every two years, candidates for promotion are placed in promotional "bands." (*See id.*) Candidates within a band are, according to Boyd, all considered equal. (*See* Boyd Deposition, D.I. 48 at A-942.)

Boyd asserts that Chief Szczerba maintained a policy of promoting candidates within a band based on their seniority. (*See* D.I. 1 at 9, 12, 16; D.I. 48 at A-942-43.) In support of this assertion, Boyd cites the testimony of Sergeant Deborah Donohue, who testified that her promotion had been made based on seniority (D.I. 48 at A-1022), and

---

[2] Boyd identifies the promoted officer as a "Caucasian" (D.I. 1 at ¶ 11), but the record demonstrates that he is, more particularly, of Hispanic descent. (D.I. 44 at A-204-05.)

the testimony of Inspector Gilbert Howell, who testified that Chief Szczerba had stated on at least two occasions that he was making promotion decisions based on seniority (*id.* at A-1032). The WPD, on the other hand, cites to approximately eleven examples of times when Chief Szczerba did not make promotion decisions based on seniority. (*See* D.I. 43 at 6-9.) Thus, there are genuine issues of material fact at least with respect to whether Chief Szczerba made promotion decisions using seniority in the manner alleged by Boyd. As a result, the Motion must be denied.[3]

### III. CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Motion (D.I. 42) is GRANTED as to Boyd's claim under § 35-111 of the Wilmington City Code, and DENIED in all other respects.

_____
UNITED STATES DISTRICT JUDGE

July 27, 2006
Wilmington, Delaware

---

[3] The WPD has also moved for summary judgment on the grounds that the City of Wilmington, not the WPD, is the proper party in interest. While this appears to be an accurate statement, *see Thomas v. Wilmington Police Dept.*, No. 92C-03-244, 1994 WL 315232, at *2-3 (Del. Super. 1994) ("the Wilmington Police Department may not be sued as a separate entity"); *Washington v. Wilmington Police Dept.*, Civ.A. No. 92C-05-159, 1995 WL 654158, *3 (Del. Super. 1995) (same), it is also clear that the City of Wilmington has been involved in this case from the outset, as evidenced by the fact that the City Solicitor's office is defending the WPD. Thus, I will allow Boyd leave to amend his complaint to substitute the proper party, and will deny the WPD's motion for summary judgment on this issue.