IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-178 KAJ |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| WILMINGTON POLICE DEPARTMENT | : | |
| and CITY OF WILMINGTON, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

**PARTIES**

1. Defendants <u>are</u> without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

2. Admitted that the Wilmington Police Department is a department within the City of Wilmington, and that Plaintiff is a police officer of the Wilmington Police Department. The remainder of this paragraph states a legal conclusion to which no response is necessary.

3. <u>Admitted</u>.

**JURISDICTION**

4. This paragraph of the Complaint states a legal conclusion for which no response is required.

**FACTUAL BACKGROUND**

5. Admitted that Plaintiff is a police officer for the Wilmington Police Department. Defendants <u>are</u> without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

6. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

7. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

8. Admitted that Plaintiff was required to participate in the promotional testing program in order to be eligible for a promotion to the rank of sergeant. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

9. Admitted that Plaintiff participated in the promotion test and his score was placed in "Band II." Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

10. Admitted that Ray Wyatt, Scott Jones and Debbie Donahue were promoted to the rank of sergeant at some point in their careers. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

11. Admitted that Dennis O'Connor, Joseph Sammons and Liam Sullivan were promoted to the rank of sergeant at some point in their careers. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

12. Admitted that Michael Rodriguez was promoted to the rank of sergeant at some point in his career. Denied that Michael Rodriguez is Caucasian. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

13. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

14. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

15. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

16. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

17. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

18. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

19. Admitted that during a Wilmington City Council Public Safety Committee meeting a discussion took place regarding promotions within the Wilmington Police Department. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

20. Admitted that the present Chief of Police has promoted and recommended for appointment African-American officers. Denied that there is a distinction between "promotion" and "appointment" to a higher rank with regard to the allegation of racial discrimination set forth in this Complaint. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

21. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

22. Denied that the present Chief of Police has made promotional decisions based upon personal friendships. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

23. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

24. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

25. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

26. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

27. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

28. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

29. Admitted that the seniority of a police officer is only one factor taken into account during the promotion process. Denied that seniority are a determinative factor in the promotion process. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

30. Denied that the present Chief of Police promotes police officers solely on the basis of seniority. Defendants are without sufficient knowledge and/or information to admit or

deny the remaining allegations set forth in this paragraph of the Complaint.

31. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

32. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

33. Denied as stated.

34. Admitted that an anonymous letter was written regarding racial issues within the Wilmington Police Department. The remainder of the allegations set forth in this paragraph of the Complaint are denied as stated. The document speaks for itself.

35. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

36. Admitted that one of several anonymous letters containing inflammatory and false statements was broadcast on the radio by John Watson of WILM Radio. Upon information and belief, this letter was faxed to Mr. Watson by an attorney. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

37. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

38. Defendants are without sufficient knowledge and/or information to admit or deny the allegations set forth in this paragraph of the Complaint.

39. Denied that the present Chief of Police is the godfather of one of Michael Rodriguez's children. Defendants are without sufficient knowledge and/or information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

40. Admitted.

41. Admitted.

## FIRST CAUSE OF ACTION
### Title VII - Racial Discrimination

42. The answers contained in paragraphs 1 through 40 are restated and incorporated herein by reference.

43. Denied.

44. Denied.

45. This paragraph of the Complaint states a legal conclusion for which no response is required. To the extent that a response is required, the allegations contained in this paragraph are denied.

46. Denied.

47. Denied.

## SECOND CAUSE OF ACTION
### Title VII Racial Discrimination - Failure to Promote

48. The answers contained in paragraphs 1 through 46 are restated and incorporated herein by reference.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. §1981)

53. The answers contained in paragraphs 1 through 51 are restated and incorporated herein by reference.

54. Denied.

55. Denied.

## FOURTH CAUSE OF ACTION
### (Violation of Charter of the City of Wilmington Article IV, §35-111)

56. The answers contained in paragraphs 1 through 54 are restated and incorporated herein by reference.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## FOURTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing

62. The answers contained in paragraphs 1 through 60 are restated and incorporated herein by reference.

63. This paragraph of the Complaint states a legal conclusion for which no response is required. To the extent that a response is required, the allegations contained in this paragraph are denied.

64. Denied.

65. Denied.

66. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

67. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

68. The actions and conduct of the Defendants do not rise to the level of a constitutional or statutory violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights or rights secured by a federal or state statute.

### THIRD AFFIRMATIVE DEFENSE

69. The Defendant Wilmington Police Department is not subject to suit.

### FOURTH AFFIRMATIVE DEFENSE

70. 1 Wilm. C. §35-111 does not create a cause of action upon which Plaintiff can bring suit.

### FIFTH AFFIRMATIVE DEFENSE

71. The actions and conduct of the Defendants do not violate the provisions of the Wilmington City Charter.

### SIXTH AFFIRMATIVE DEFENSE

72. Plaintiff's state law claims, if any, are barred by 10 Del. C. §4011.

### SEVENTH AFFIRMATIVE DEFENSE

73. Defendants' liability, if any, is limited by 10 Del. C. §4013.

### EIGHTH AFFIRMATIVE DEFENSE

74. The actions and conduct of the Defendants were undertaken without malice or discriminatory intent and in the good faith performance of its official duties.

### NINTH AFFIRMATIVE DEFENSE

75. The actions and conduct of the Defendants were consistent with the City of Wilmington's equal employment opportunity policy.

### TENTH AFFIRMATIVE DEFENSE

76. Plaintiff is not entitled to punitive damages, nor are the Defendants subject to an award of punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff has failed to state a claim for Breach of the Covenant of Good Faith and Fair Dealing.  Further, Plaintiff cannot bring a claim for Breach of the Covenant of Good Faith and Fair dealing as Plaintiff's sole remedy is the Delaware Discrimination in Employment Act.

### TWELFTH AFFIRMATIVE DEFENSE

78. Section 1981 does not provide a cause of action against Defendants.

**WHEREFORE**, Defendants pray that this Honorable Court dismiss Plaintiff's Complaint, assess costs and reasonable attorney's fees against Plaintiff and order such other relief as this Court deems appropriate.

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
First Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
Attorney for Defendants Wilmington Police
Department and City of Wilmington

Dated: August 30, 2006