IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH A. BOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-178 KAJ |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| WILMINGTON POLICE DEPARTMENT | : | |
| and CITY OF WILMINGTON, | : | |
| | : | |
| Defendants. | : | |

**MOTION TO AMEND THE PROPOSED PRE-TRIAL ORDER**

For the reasons stated herein, Defendants Wilmington Police Department and City of Wilmington, by and through their counsel, respectfully request that this Honorable Court grant their Motion to Amend the Proposed Pre-Trial Order to add two (2) additional questions of law for the Court's consideration and to change the wording of the question of law concerning punitive damages. In support of their request, Defendants state the following:

1)   On August 14, 2006, the parties filed with the Court their Proposed Pre-Trial Order. (D.I. 67) The Proposed Pre-Trial Order contained the following "agreed to issues of law": 1) whether Plaintiff suffered punitive damages as a result of Defendant's racial discrimination; 2) whether Requests for Admissions are to be admitted; 3) whether Defendant's liability is limited to 10 <u>Del. C.</u> § 4013.

2)   During the course of researching and compiling the proposed jury instructions in this matter, undersigned counsel became aware of two (2) additional questions of law which are appropriate for consideration by the Court prior to trial.

3)   The first question of law is whether Plaintiff states a claim under the implied covenant of good faith and fair dealing. (D.I.. 65, Count 5 of the Complaint). Specifically, whether

Defendants' failure to promote Plaintiff constitutes one of the four exclusive categories giving rise to a breach of the implied covenant of good faith and fair dealing.[1] Additionally, whether Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred by the Delaware Discrimination and Employment Act, 19 Del. C. Chapter 7.[2]

4) The second question of law is whether Plaintiff states a claim upon which relief can be granted under 42 U.S.C. §1981. (D.I. 65, Count 3 of the Amended Complaint). Specifically, whether a separate cause of action exists under §1981 against state actors such as the Defendants or whether §1983 provides the exclusive federal remedy for violations of the rights guaranteed by §1981 when the claim is brought against a state actor.[3]

---

[1] In Moon v. The Delaware River and Bay Authority, this Court found that in order to bring a valid cause of action under the implied covenant of good faith and fair dealing, the Plaintiff must demonstrate that his claim falls into one of four exclusive categories: "1) where the termination violated public policy; 2) where the employer misrepresented an important fact and the employee relied 'thereon either to accept a new position or remain in a present one;' 3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and 4) where the employer falsified or manipulated employment records to create fictitious grounds for termination." Moon, 2006 U.S. Dist. LEXIS 7101, *11-12 (D. Del. Feb. 24, 2006)(citing Lord v. Sounder, 748 A.2d 393, 400). The Plaintiff in Moon alleged that Defendant DRBA breached the covenant when it failed to promote him because of his race. The Court found as a matter of law that the DRBA's failure to promote Moon did not fall into one of the four exclusive categories, and, as such, Moon failed to state a claim upon which relief could be granted with regard to his cause of action under the implied covenant of good faith and fair dealing.

[2] In Moon v. The Delaware River and Bay Authority, this Court also found as a matter of law that Plaintiff was barred from bringing a claim under the implied covenant of good faith and fair dealing because the Delaware Discrimination in Employment Act affords the "sole remedy for claims alleging a violation of this chapter to the exclusion of all other remedies." Id. at *12-13 (quoting 19 Del. C. §712(b)).

[3] Parker v. Gadow, 893 A.2d 964 (Del. 2006). In Parker, the Delaware Supreme Court held:
> We are persuaded by the opinions of the Courts of Appeals for the Fourth, Fifth and Eleventh Circuits, which concluded that the 1991 amendment [to 42 U.S.C. §1981] does not broaden the remedies available under §1981. Having no contemporaneous legislative

5) The decisions in both <u>Moon</u> and <u>Parker</u> were issued on the same day, February 24, 2006. The holdings in both cases are dispositive of Counts 3 and 5 of Plaintiff's Complaint and constitute questions of law appropriately decided by the Court. Indeed, Defendants would have included these issues in their Motion for Summary Judgment filed on March 8, 2006 but for the fact that the decisions in <u>Moon</u> and <u>Parker</u> were issued less than two weeks prior to the filing of Defendants' Motion, and Defendants were unaware of the cases.

6) Defendants further request that the question of law regarding the issue of punitive damages currently referenced in Section VI of the Proposed Pre-Trial Order be modified to restate the question as follows: "Whether as a matter of law Defendants are liable for, or subject to, an award of punitive damages." The question is currently phrased as follows: "Whether Plaintiff suffered punitive damages as a result of Defendant's racial discrimination." In this regard, the issue is presented as a question of fact which is more appropriately left to the jury to decide rather than a question of law.[4]

7) In accordance with Local District Court Civil Rule 7.1.1, undersigned counsel has

---

history of Congressional intent to create an implied right of action against state actors, we also conclude that the 1991 amendment cannot be read to expand the scope of §1981. Therefore, [the United States Supreme Court's decision in] <u>Jett</u> [v. Dallas Independent School Dist.</u>, 491 U.S. 701 (1989)] remains the controlling precedent for purposes of deciding Parker's appeal. Accordingly, the only remedy available to Parker was under §1983.
<u>Id.</u> at 968.

In reaching this conclusion, the Delaware Supreme Court cited to <u>Oaks v. City of Philadelphia</u>, 59 Fed. Appx. 502, 503 (3d Cir. 2003) wherein the Third Circuit subjected Plaintiff Oak's §1981 claim to a <u>Monell</u> analysis under the remedial provisions of §1983.

[4] In an initial draft, Plaintiff more appropriately phrased the issue as "Whether Plaintiff may make a claim for punitive damages as a result of the Title VII racial discrimination." In the final draft, the language was changed to that noted above. Undersigned counsel did not notice the change in language prior to Plaintiff filing the Proposed Pre-Trial Order.

made good faith attempts to ascertain Plaintiff counsel's position on the matters addressed herein and to reach an agreement with counsel on these matters. Undersigned counsel contacted Plaintiff's counsel via e-mail on August 29, September 5, and September 6, and left a voicemail message on August 30. On August 30, Plaintiff's counsel left a voicemail message for undersigned counsel indicating that due to his work schedule, he would be unable to respond to Defendants' request to discuss amending the Proposed Pre-Trial Order until early in the week of September 4. To date, Plaintiff's counsel has not advised undersigned counsel of his position. Given that the pre-trial conference is currently scheduled with the Court on September 14, 2006, undersigned counsel did not wish to delay any longer in bringing these additional matters to the Court's attention, so that the matters may be discussed at the pre-trial conference.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that this Honorable Court grant their Motion to Amend the Proposed Pre-Trial Order.

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Rosamaria Tassone
Rosamaria Tassone, Esquire (I.D. #3546)
First Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

Dated:      September 6, 2006