

**MARGOLIS EDELSTEIN**

ATTORNEYS AT LAW
www.margolisedelstein.com

JEFFREY K. MARTIN, ESQUIRE
jmartin@margolisedelstein.com

**DELAWARE OFFICE:**
1509 GILPIN AVENUE
WILMINGTON, DE 19806
302-777-4680
FAX 302-777-4682

PHILADELPHIA OFFICE:*
THE CURTIS CENTER, 4TH FLOOR
601 WALNUT STREET
INDEPENDENCE SQUARE WEST
PHILADELPHIA, PA 19106-3304
215-922-1100
FAX 215-922-1772

HARRISBURG OFFICE:*
3510 TRINDLE ROAD
CAMP HILL, PA 17011
717-975-8114
FAX 717-975-8124

PITTSBURGH OFFICE:
310 GRANT STREET
THE GRANT BUILDING, SUITE 1500
PITTSBURGH, PA 15219
412-281-4256
FAX 412-642-2380

SCRANTON OFFICE:
THE OPPENHEIM BUILDING
409 LACKAWANNA AVENUE
SUITE 3C
SCRANTON, PA 18503
570-342-4231
FAX 570-342-4841

SOUTH NEW JERSEY OFFICE:*
SENTRY OFFICE PLAZA
216 HADDON AVENUE, 2ND FLOOR
P.O. BOX 92222
WESTMONT, NJ 08108
856-858-7200
FAX 856-858-1017

NORTH NEW JERSEY OFFICE:
CONNELL CORPORATE CENTER
THREE CONNELL DRIVE
SUITE 6200
BERKELEY HEIGHTS, NJ 07922
908-790-1401
FAX 908-790-1486

* MEMBER OF THE HARMONIE GROUP

September 21, 2006

The Honorable Kent A. Jordan
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 10
Wilmington, DE  19801

    RE:    **Boyd v. Wilmington Police Department**
             **C.A. No. 05-178(KAJ)**

Dear Judge Jordan:

      This letter is in reference to Plaintiff's *Motion In Limine* Request seeking to exclude the testimony of Bluestein concerning the allegation that he threatened to kill Plaintiff if he was promoted, and that Bluestein sent emails to then Inspector James Wright regarding several employment opportunities outside the Wilmington Police Department, jokingly suggesting that Wright retire so that a promotional opportunity would become available. This information is admissible and should not be excluded because this testimony is very relevant to the issue of whether or not the Chief promotes on the basis of seniority. There may have been some confusion on Plaintiff's counsels' part at the Pre-trial conference as to whether or not Boyd and Bluestein were in the same promotional band. Defense counsel is correct in her assertion that Boyd and Bluestein were never in the same promotional band. However, at the time Bluestein made the threatening comments to Boyd in or around March 23, 2005, Bluestein was indeed a senior officer in line to be promoted.

      As background information, Bluestein was in the 2000-2002 promotional band. He was the next most senior officer in the band and the Chief went so far as to make Bluestein acting house sergeant.[1] Unfortunately for Bluestein, the band expired in April of 2002 before there was another opening in the sergeant's position. Thereafter, Bluestein tried but did not get into an upper level promotional band for the years 2002-2004. However, Bluestein took the test again and was placed in the

---

[1] The acting house sergeant position prepares an officer for his transition into the sergeant role.

The Honorable Kent A. Jordan
September 21, 2006
Page 2

2004-2006 promotional band II and was eventually promoted to the rank of sergeant in October 2005.

In or around March 23, 2005, an article was printed in *The News Journal* concerning the police department's failure to promote Boyd to the rank of sergeant based on his race. It was at this time that Bluestein turned around in his chair and made the comment to Boyd that he would kill him if the Chief reached back into the 2002-2004 band and promoted Boyd. Undersigned counsel contends that Bluestein made that comment because he was a senior officer in the band and therefore, very close in line to being promoted based on seniority. Obviously, Bluestein was aware of his status as a senior officer and was concerned, as evidenced by his comment to Boyd, that if the Chief reached back and promoted Boyd from a previous band, he would lose his opportunity to be promoted to sergeant. This is exactly why Bluestein's words to Boyd are so relevant to the issue of whether or not the Chief promotes on the basis of seniority and the probative value of Bluestein's testimony is substantially outweighed by the danger of unfair prejudice.

Not only are Bluestein's verbal comments to Boyd relevant to the issue of seniority within the police department, Bluestein's actions by way of sending emails to Inspector James Wright are also relevant to the issue of whether or not the Chief promotes on the basis of seniority. As previously noted, in or around 2000, the Chief placed Bluestein, the next most senior officer in the Band, into the position of acting house sergeant. Bluestein testified that he took the slot as acting house sergeant because he was "on the list waiting for somebody to retire which didn't happen." Bluestein was aware of his status as the next most senior officer in the 2000-2002 band and he knew that if an opening became available he was next in line to be promoted to sergeant. That is the very reason Bluestein sent job openings to Inspector Wright in the hopes that he would retire. This testimony is very relevant to the issue of whether or not the Chief promotes on the basis of seniority and the probative value of this testimony is substantially outweighed by any danger of unfair prejudice.

Respectfully yours,

**JEFFREY K. MARTIN**

LAB

cc: Clerk of the Court (by e-file)
    Rosemaria Tassone, Esquire (by e-file only