IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENNETH A. BOYD,          :
                              :
       Plaintiff,          :
                              :     C.A. No.  05-178 (KAJ)
v.                        :     TRIAL BY JURY DEMANDED
                              :
WILMINGTON POLICE     :
DEPARTMENT,            :
                              :
       Defendant.      :

## AMENDED PROPOSED PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to

Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**    Jeffrey K. Martin, Esquire
                                Lori A. Brewington, Esquire
                                Margolis Edelstein
                                1509 Gilpin Ave
                                Wilmington, DE 19806

**Defendant(s) Counsel:**    Rosamaria Tassone, Esquire
                                First Assistant City Solicitor
                                City of Wilmington Law Department
                                Louis L. Redding City/County Building
                                800 North French Street, 9th Floor
                                Wilmington, DE 19801

## I      Nature of the Case

On March 22, 2005, Plaintiff Kenneth A. Boyd filed a Complaint in the United

States District Court for the District of Delaware.  Plaintiff's Complaint alleges that

Defendant City of Wilmington violated his federally protected rights under Title VII of

the Civil Rights Act of 1964 (42 U.S.C. §2000(e) et seq.) and 42 U.S.C. §1981 when he

was not promoted to the rank of sergeant in April, 2004.  Plaintiff  alleges that he was

discriminated  against  based  upon  his  race  (African-American)  when  Chief  Michael

Szczerba promoted Michael Rodriguez, a Non-African American officer, to the rank of sergeant instead of Plaintiff in April, 2004, the last promotion made prior to the expiration of the 2002-2004 promotional list. Plaintiff further alleges that his failure to be promoted is also a violation of State law, specifically a breach of the implied covenant of good faith and fair dealing found in employment contracts.

In support of his allegations, Plaintiff alleges that Chief Szczerba had established a pattern of promoting officer candidates to the rank of sergeant solely on the basis of seniority. Plaintiff alleges that in direct contradiction to this pattern, when a sergeant position became available in 2004, and Plaintiff was the most senior officer candidate within his promotional band, Chief Szczerba did not promote him, but rather promoted Rodriguez, a Non-African American officer with three (3) years less seniority than Plaintiff. Consequently, Plaintiff asserts that Chief Szczerba's decision to promote Rodriguez rather than Plaintiff was racially motivated.

In response, Defendant asserts that Plaintiff cannot meet his burden of proof under the McDonnell Douglas burden-shifting framework governing race discrimination cases. Defendant argues that given the facts in the record, Plaintiff is unable to establish a prima facie case for race-based discrimination, or demonstrate by a preponderance of the evidence that the legitimate, non-discriminatory reasons for promoting Rodriguez rather than Plaintiff were pretextual and the decision actually motivated by racial animus. Defendant argues that the factual record demonstrates that 1) Chief Szczerba has previously promoted officers with less seniority, including African-American officers; 2) Chief Szczerba has promoted African-American males and females in the past, some with less seniority than their Caucasian counterparts, as well as Hispanic males and females consistent with the City of Wilmington Equal Employment Opportunity Policy; 3) Michael Rodriguez is Hispanic and is not Caucasian as Plaintiff asserts; 4) Chief

Szczerba promoted Michael Rodriguez instead of two Caucasian officers who are more senior than Michael Rodriguez, thereby negating Plaintiff's assertion that Caucasians are treated more favorably than Plaintiff; and 5) Chief Szczerba's decision not to promote Plaintiff was not motivated by race, but by his good faith belief that Rodriguez, like his previous selections from Band II, would be the better supervisor.

## II      Jurisdiction

A.      This is an action seeking a judgment against the Defendants, Wilmington Police Department and the City of Wilmington, and in Plaintiff's favor to provide appropriate back pay with pre-judgment interest, non-pecuniary losses, including pain, suffering, and humiliation, past and future pecuniary losses, punitive damages for its malicious and/or reckless conduct, costs of reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 2000e-5(f)(1), front pay, benefits (both retroactively and prospectively), advancement in rank to Sergeant, compensatory damages, the cost of this litigation, pre- and post-judgment interest and such other further relief as this Honorable Court deems just and proper in amounts to be determined at trial, and other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices.

B.      Jurisdiction is founded on the existence of a question arising under federal statutes.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 704(a) of Title VII of the Civil Rights Act and 42 U.S.C. § 1981.  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal and state

law which prohibits discrimination against employees because of their race. The state law claim regarding the claim of a breach of the covenant of good faith and fair dealing is brought pursuant to the pendent jurisdiction of this Court.

Jurisdiction is not disputed.

### III      Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated by the parties:

1.      Plaintiff was hired on October 6, 1986 as a Police Recruit for Defendant.

Successful training eventually led to full-time employment as a Wilmington Police Officer in or around January 1987. Plaintiff has been so employed in a full-time capacity with Defendant for approximately eighteen (18) years.

2.      During his tenure, Plaintiff has worked within various specialized units,

which include the Detectives' Youth Aid and Truancy Division, the Evidence Detection Unit, and the Community Policing and Patrol Division.

3.      Plaintiff has received numerous civilian and departmental commendations which include the departmental unit citation, the distinguished service award, and a certificate of appreciation from the Special Olympics. Plaintiff also has received good performance evaluations.

4.      Michael Rodriguez, Dennis O'Connor, Joseph Sammons, and Liam Sullivan have received numerous civilian and departmental commendations and good performance evaluations.

5.      With regard to promotion to the ranks of sergeant and lieutenant, the Wilmington Police Department utilizes a promotional examination procedure. The promotional procedures are set forth in the Wilmington Police Officer's Manual,

Directive 6.44. The promotional procedure currently in place is administered by Management Scientists II, an entity wholly outside the Department.

6.    The examination process for the rank of sergeant consists of three (3) parts: 1) a closed book, multiple-choice examination covering knowledge of the relevant areas contained in the study aid; 2) a problem analysis exercise testing skills and abilities used in supervision and management assessed by representatives from other law enforcement agencies that are trained in the promotional process; and 3) a written resume presentation made to a panel consisting of representatives from other law enforcement agencies that are trained in the promotional process. The scores received in each component are weighted 30%, 40% and 30%, respectively. The scores are standardized, weighted and rescaled to generate a "total promotional score" by Management Scientists II. Once all candidate scores are derived, bands are created based upon the total promotional score.

7.    "Seniority points" are assessed to each candidate based upon his/her anniversary date and added to his/her total promotional score. The candidates are then placed into bands by Management Scientists II. The addition of seniority points can only assist a candidate in moving into a higher band. Seniority does not have the effect of moving any candidate into a lower band. This final set of bands is provided to the Chief of Police from Management Scientists II. The final promotional list remains in effect for 2 years.

8.    The addition of seniority points into the official promotional process was established by Chief Michael Szczerba when he was appointed Chief of Police in 2001.

9.    The Chief may only select those candidates in Band I for promotion. Only when Band I is exhausted may the Chief select candidates from Band II.

10.     All candidates within a band are considered equal, and the Chief has the discretion to promote any candidate from within the band currently in play.

11.     In order to be eligible for a promotional opportunity, Plaintiff was required to participate in the Management Scientist II promotional testing program.

12.     During his tenure, Plaintiff has taken the promotional test for sergeant approximately ten (10) times.  The highest band Plaintiff has been placed in was Band II in the 2002-2004 promotional list for sergeant.

13.     In order to be eligible for a promotion to sergeant during the time period from April 15, 2002 through and including April 14, 2004, Plaintiff participated in the Management Scientist II promotional testing procedure in or around winter of 2002.  As a result of his test scores and seniority points Plaintiff was placed on "Band II" along with nine (9) other candidates.   There were only three (3) candidates who achieved placement in "Band I."

14.     At the time of Chief Szczerba's appointment, several promotional openings existed in the following ranks: inspector, captain, lieutenant, and sergeant.

15.     In 2001, Chief Szczerba also promoted three (3) individuals to the rank of captain.  At the time, the following individuals (in order of seniority) holding the rank of lieutenant were eligible for promotion to captain: Sean Finerty (w); Philip Freccia (w); John Randolph (w); Carol Senghaas (w); Victor Ayala (h); Ruth Townsend (b); Bruce Mulrine (w); Bobby Cummings (b); Jerry Custis (b); Christine Dunning (w); Donald Bowman (b).  Chief Szczerba promoted Finerty, Ayala and Cummings.

16.     Finerty was the most senior, Ayala was the fifth most senior, and Cummings was the eight most senior.

17.     With regard to promotions to the rank of lieutenant from the 2000-2002 promotional list, Band I was comprised of the following candidates, in order of seniority:

Clayton Smith (b); Robert Fox (w); Mitchell Rock (w); Carolyn Henry (w); Robert Williams (w). Chief Szczerba promoted Fox, Smith, Henry, Rock and Williams.

18.    With regard to promotions to the rank of sergeant from the 2000-2002 promotional list, Band I was comprised of the following candidates, in order of seniority: Mayna Santiago (h); Thomas Dempsey (w); Steven Barnes (w); Walter Ferris (w); Sherrie Tull (b); Donald Bluestein (w); Scott Jones (w). Chief Szczerba promoted Dempsey, Barnes, Santiago, Ferris and Tull.

19.    With regard to promotions to the rank of lieutenant from the 2002-2004 promotional list, Band I was comprised of the following candidates, in order of seniority: John Fogelgren (w); John Snyder (w); Bruno Battaglia (w); Faheem Akil (b); William Browne (w); and Mayna Santiago (h). Chief Szczerba made three (3) promotions prior to the expiration of the 2002-2004 lieutenant promotional list: Snyder, Battaglia and Browne.

20.    With regard to promotions to the rank of sergeant from the 2002-2004 promotional list, Band I was comprised of the following candidates, in order of seniority: Raymond Wyatt (w); Scott Jones (w); Deborah Donohue (w). Chief Szczerba promoted Wyatt, Jones and Donohue in November, 2002, February, 2003 and March, 2003.

21.    Two more sergeant positions opened in 2003. Therefore, Chief Szczerba turned to the candidates in Band II. Band II of the 2002-2004 promotional list was comprised of the following candidates, in order of seniority: Dennis O'Connor (w); Joseph Sammons (w); Liam Sullivan (w); Kenneth Boyd (b); Robert Curry (w); Ralph Hauck (w); Michael Rodriguez (h); Anthony Harris (b); Charles Emory (b); Stephen Misetic (w). Chief Szczerba promoted O'Connor, Sammons, Sullivan, and Rodriguez in July, 2003, December, 2003, March, 2004 and April, 2004.

22.    By promoting Rodriguez, Chief Szczerba passed over three (3) officers with more seniority, including two (2) Caucasian officers.

23.    On or around August 31, 2004, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race, age, and national origin discrimination.

24.    Chief Szczerba is not the godfather of Michael Rodriguez's son.

25.    The Wilmington Police Department's promotional system, as outlined in directive 6.44 and as developed, implemented and administered by Management Scientists II, is not racially discriminatory.

26.    On December 22, 2004, the EEOC dismissed Plaintiff's complaint, noting that it was unable to conclude that Defendant violated Title VII or the Age Discrimination in Employment Act of 1967.


**VI**    **Agreed to Issues of Law**

None.  See Stipulation of Partial Dismissal filed September 29, 2006.

**V**    **Witnesses**

A.    List of witnesses the plaintiff expects to call, including experts:

1.     Expert witnesses.

None.

2.    Non-expert witnesses.

Lt. Clayton Smith, Wilmington Police Department; 300 N.Walnut Street, Wilmington, Delaware 19801; 302-571-4524.


Sergeant Debbie Donohue, Wilmington Police Department; 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.

8

Detective Gary Tabor, Wilmington Police Department; 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.

Sergeant Faheem Akil, Wilmington Police Department, 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.

Sergeant Stephen Thomas (retired), 613 Lafayette Boulevard, Wilmington, Delaware 19801; 302-652-5393.

Captain Gilbert Howell, Wilmington Police Department, 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.

Sergeant Gordy Transue, Wilmington Police Department; 300 N. Walnut Street, Wilmington, Delaware 19801.

~~Jackie Wing, crossing guard, City of Wilmington; 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.~~

~~Ms. Pearl Sudler, Wilmington Police Department; 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.~~

Chief Michael Szczerba, Wilmington Police Department; 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.

Corporal Donald Bluestein, Wilmington Police Department; 300 N. Walnut Street, Wilmington, Delaware 19801; 302-571-4524.

Councilman Mike Brown, 800 N. French Street, Wilmington, Delaware 19801.

Plaintiff, Kenneth A. Boyd, who can be contacted through Plaintiff's attorney, Jeffrey K. Martin, Margolis Edelstein, 1509 Gilpin Avenue, Wilmington, Delaware 19806, 302-777-4680.

~~Grace Boyd, Plaintiff's wife, who can be contacted through Plaintiff's attorney, Jeffrey K. Martin, Margolis Edelstein, 1509 Gilpin Avenue, Wilmington, Delaware 19806, 302-777-4680.~~

~~Dr. Alvin Turner , 2100 Baynard Blvd, Wilmington, DE; 777-3202.~~ **Objected to by Defendant**

Plaintiff reserves the right to call any witness named by Defendant in this matter.

B.    List of witnesses defendant expects to call, including experts:

| | | |
|---|---|---|
| Chief Michael J. Szczerba | - | Wilmington Police Department, 300 N. Walnut Street, Wilmington, DE, 19801 |
| Inspector Martin Donohue | - | Same as above. |
| Captain Victor Ayala | - | Same as above. |
| Captain Bobby Cummings | - | Same as above. |
| Captain Marlyn W Dietz | - | Same as above. |
| Captain Nancy Dietz | - | Same as above. |

Captain Sean E. Finerty      -      Same as above.
Captain James T. Jubb        -      Same as above.
Captain Michael E. Maggitti  -      Same as above.
Sergeant Michael Rodriguez   -      Same as above
Lieutenant Mitch Rock        -      Same as above.
David J. Wagner, President   -      Management Scientists II, Part Towne Place -
                                    North, 2200 Benjamin Franklin Parkway,
                                    Philadelphia, PA 19130

James Baker, Mayor
~~James N. Mosley, Public Safety Director~~
James H. Wright              -      45 Montague Rd, Newark, DE 19713

Defendant reserves the right to call any witness named by Plaintiff in this matter.


**VI**   **Exhibits**

A.    Plaintiff's Exhibits:

| Plaintiff's Exhibit Number | Description | Defendant's Basis for Objection | Plaintiff's Response to Objection |
|---|---|---|---|
| PX 1. | Letter to Michael A. Boykin from David J. Wagner dated November 29, 2000 re: 2000 Promotion System (3 Bands) (Boyd v. WP 0003) | | |
| PX. 2 | Letter to Michael A. Boykin from David J. Wagner dated November 29, 2000 re: 2000 Promotion System ( 4 Bands) (Boyd v. WP 0004) | | |
| PX. 3 | Office of Public Safety, Department of Police Seniority List by Rank as of February 28, 2005. (A-784) | | |
| PX. 4 | Anonymous letter dated February 28, 2005 to C/O President Blunt. (Boyd v. WP 0008) | FRE 402 FRE 403 FRE 803 FRE 701 | See response to *Motion In Limine* |
| PX. 5 | Anonymous letter dated Tuesday, | FRE 402 FRE 403 | See response to *Motion In Limine* |

| | | | |
|---|---|---|---|
| | March 22, 2005. (002917-002918) | FRE 803 FRE 701 | |
| PX. 6 | Anonymous letter re: employee (minority) of the Wilmington Police Department. (002906-002907) | FRE 402 FRE 403 FRE 803 FRE 701 | See response to *Motion In Limine* |
| PX. 7 | Personnel file of Kenneth Boyd to include letters of commendation, evaluations and training certificates. | | |

Plaintiff reserves the right to use any exhibits on Defendant's list. Additional exhibits not listed above may be offered for rebuttal purposes with the Court's permission. Plaintiff reserves the right to use blow-ups for any demonstrative exhibit admitted into evidence by the Court.

B.      Defendant's Exhibits:

| Defendant's Exhibit Number | Description | Plaintiff's Basis for Objection | Defendant's Response to Objection |
|---|---|---|---|
| DX. 1 | Equal Employment Opportunity Policy | | |
| DX. 2 | Wilmington Police Department - Directive 6.44 Promotion Procedures | | |
| DX. 3 | Job Task Analysis for Patrol Division Sergeant- Street Supervisor | | |
| DX. 4 | Office of Public Safety, Department of Police Seniority List by Rank as of July 25, 2000 | | |
| DX. 5 | Office of Public Safety, Department of Police Seniority List by Rank as of February 28, 2005 | | |
| DX. 6 | Wilmington Police | | |

|  | Department Promotions since January 1, 2001 |  |  |
|---|---|---|---|
| DX. 7 | Wilmington Department of Police Seniority List dated January 31, 2001 |  |  |
| DX. 8 | Letters to Michael A. Boykin from David J. Wagner dated November 29, 2000 re: 2000 Promotion System (Lieutenant and Sergeant candidates.) |  |  |
| DX. 9 | Informational Bulletin to All Personnel from Michael J. Szczerba dated November 13, 2001 |  |  |
| DX. 10 | Letter to Michael J. Szczerba from David J. Wagner dated October 26, 2001 re: 2002 Promotion System |  |  |
| DX. 11 | Informational Bulletin to All Personnel from Michael J. Szczerba dated April 15, 2002 |  |  |
| DX. 12 | Letters to Michael J. Szczerba from David J. Wagner dated April 15, 2002 re: 2002 Promotion System ( Lieutenant and Sergeant candidates.) |  |  |
| DX. 13 | Personnel File of Dennis O'Connor, to include letters of commendation, employee performance |  |  |

| | | | |
|---|---|---|---|
| | evaluations and training certificates found at A-81-203 of Defendant's Appendix filed in support of its Motion for Summary Judgment. | | |
| DX. 14 | Personnel File of Michael Rodriguez, to include letters of commendation, employee performance evaluations and training certificates found at A-208-318 of Defendant's Appendix filed in support of its Motion for Summary Judgment. | | |
| DX. 15 | Personnel File of Joseph Sammons, to include letters of commendation, employee performance evaluations and training certificates found at A-338-380 of Defendant's Appendix filed in support of its Motion for Summary Judgment. | | |
| DX. 16 | Personnel File of Liam Sullivan, to include letters of commendation, employee performance evaluations and training certificates found at A-400-706 of Defendant's | | |

| | Appendix filed in support of its Motion for Summary Judgment. | | |
|---|---|---|---|
| DX. 17 | Plaintiff's Answers to Defendant's First Set of Interrogatories Directed to Plaintiff. | | |

Defendant reserves the right to introduce into evidence in its case in chief any exhibit listed by Plaintiff.  Defendant reserves the right to introduce evidence on rebuttal.


## VII    Damages

1.      This is an action seeking a judgment against Defendants and in Plaintiff's favor to provide appropriate back pay with pre-judgment interest in the amount equal to the pay differential between the rank of Master Corporal and Sergeant. Specifically, Plaintiff is seeking in excess of $12,000 in back pay with pre-judgment interest.

2.      Additionally, Plaintiff is seeking non-pecuniary losses including pain, suffering and humiliation, past and future pecuniary losses, punitive damages in the amounts to be determined at trial.

3.      Plaintiff is also seeking costs of reasonable attorneys' fees and expenses provided by 42 U.S.C. § 2000e-5(f)(1).

4.      Plaintiff is also seeking front pay.

5.      Plaintiff is also seeking advancement in rank to Sergeant.

6.      Plaintiff is also seeking such other relief as the Court deems just and proper in the amounts to be determined at trial.


## VIII    Bifurcated Trial

Not Applicable.

## IX     Trial Briefs

1.     The anonymous letters designated as PX 4,5, and 6, are inadmissible and should be excluded as evidence at trial for the following reasons.  First, the letters are not relevant and, therefore, inadmissible under Federal Rule of Evidence 402.  Second, even if the Court finds that the letters are relevant, the probative value of the anonymous letters is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, the likelihood of misleading the jury, and causing undue delay. As such, the anonymous letters are inadmissible under Federal Rule of Evidence 403. Third, the anonymous letters constitute hearsay documents and are inadmissible under Federal Rule of Evidence 803.  See, Bartniak v. Cushman & Wakefield, Inc., 223 F.Supp. 2d 524, 533 (S.D.N.Y. 2002)(holding that the court properly excluded as evidence two anonymous letters because the letters were irrelevant, and to the extent that the letters had some relevancy, the letters would have unnecessarily inflamed the jury); Callahan v. Consolidated Edison Co. of New York, Inc., 2005 U.S. Dist. LEXIS 795, *7-9 (S.D.N.Y. Jan. 3, 2005)(holding anonymous letters inadmissible to prove racial animus); Lichti v. State of Indiana, 827 N.E.2d 82, 95 (Ind. App. 2005)(holding that an unsigned, anonymous letter constitutes hearsay if offered for the truth of the matter asserted; if not offered for the truth of the matter asserted, the letter bears no relevance to the case and the letter was properly excluded by the trial court); Sullivan v. Commonwealth, 86 S.W.2d 135, 136 (Ky. 1935)(holding that trial court improperly permitted the reading of an anonymous letter to the jury on the grounds that the letter was irrelevant and prejudicial to the defendant, and constituted hearsay); Nye Odorless Incinerator Corp. v. Felton, 162 A. 504, (Del. Super. 1931)(opined that an anonymous letter circulated to the public would be "clearly inadmissible" even if not offered for the truth of the matter).

Plaintiff's exhibits pre-marked as PX 4,5, and 6 constitute three anonymous letters authored by unknown individuals and circulated within City government by unknown individuals.  The letters allege racial discrimination and favoritism in the police department, and contain inflammatory accusations against several high ranking police officers within the Wilmington Police Department.  Despite Defendant's best efforts to investigate the allegations contained in the letters by requesting that the aggrieved party or parties come forward with their complaints, not one individual chose to do so, thereby precluding Defendant from conducting a full investigation into the veracity of the allegations.

The letters refer to matters well outside the scope of Plaintiff's Complaint, which solely alleges that Plaintiff was discriminated against because of his race when Chief Sczcerba promoted Michael Rodriguez in April, 2004.  Further, given that the authors of the letters are unknown, Defendant would be unable to confront and cross-examine the author(s) with regard to the veracity and reliability of their allegations and their source of knowledge with regard to the veracity and reliability of the allegations, thereby causing undue prejudice to Defendant at trial.  Nye, 162 A. 504 (objection to the admission of newspaper editorials as evidence because of the absence of any oath in connection with the testimony and the inability to conduct cross-examination which could show bias or other motives which may destroy the value of the testimony).  Additionally, Defendant asserts that the allegations contained in the letters are false and amount to malicious speculation, innuendo and rumor.  As such, should the Court permit the letters into evidence, Defendant would unfairly be forced to conduct a trial within a trial in an effort to disprove all the allegations in the letters.  Not only would this cause Defendant to suffer undue prejudice, it would be detrimental to judicial economy, and

would also cause confusion in the minds of the jurors, likely resulting in misleading the jury.

Given the above, Plaintiff's exhibits designated as PX 4,5, and 6, are inadmissible and should be excluded as evidence at trial.

**Response by Plaintiff:**

1.    This is Plaintiff's response to Defendant's *In Limine* Request to exclude the anonymous letter designated as PX 4, 5, and 6. Contrary to the Defendant's contention, the anonymous letters are admissible and should not be excluded as evidence at trial for the following reasons. First, the letters are relevant to show the effect, if any, these letters had on the members of the Wilmington Police Department and City government who read the letters and/or were aware that these letters existed. Second, the probative value of the anonymous letters is not substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, the likelihood of misleading the jury, and causing undue delay as required under Federal Rule of Evidence 403. Third and most important, the anonymous letters are not offered for the truth of the matter asserted in the letters and therefore, the anonymous letters do not constitute hearsay.

Under Federal Rule of Evidence 801 (c), "hearsay" is a statement offered to prove the truth of the matter asserted. In the present case, Plaintiff does not intend to assert that the contents in the anonymous letters are true or to argue substantively the contents of the anonymous letters. Rather, Plaintiff intends to use the letters in an effort to prove that Chief Szczerba (hereinafter "Chief") was aware the alleged complaints of discrimination and disparate treatment of African-American police officers. Additionally, Plaintiff intends to use the letters to show what effect, if any the anonymous allegations of discriminatory treatment had on the Chief and other government employees. For

example, Chief Szczerba testified during his deposition that he did not discuss the validity of the allegations in the anonymous letters with any of his senior staffers and that he did not believe that there was any validity at all to the allegations made in those letters. Further, the Chief testified that in response to the letters he sent out a memorandum to all employees advising them of the proper channels to lodge such complaints but that he did not speak to any of the black senior officers, other than Inspector Wright, about the allegations in the letters.

A discriminatory statement may be used to show its effect on the listener. Kraemer v. Franklin and Marshall College, 1995 U.S. Dist. LEXIS 17088 *4 (E. D. Pa. November 14, 1995). If a statement is **not offered for the truth of the matter asserted,** it is not **hearsay,** and may be admissible. For example, testimony may be admitted for the limited purpose of showing state of mind and understanding of a nondeclarant if the communication was made to a party who subsequently acted on it. Antilles Insurance, Inc. v. James, 1994 U.S. Dist. LEXIS 9623 *25 D.V.I (July 6, 1994). The letters refer to matters within the scope of Plaintiff's Complaint, which is based in part on the disparate treatment experienced by Plaintiff because he is African-American. Further, there is no undue prejudice to Defendant given that Plaintiff does not intend to assert that the contents of the documents are in fact true. Thus, there is no need for Defendant to cross-examine the author with respect to the veracity of the claims. Plaintiff's only purpose is to show the effect that the letters had on members of the City government, specifically the Chief and other members of the Wilmington Police Department.

Given the above, Plaintiff's exhibits designated as PX 4, 5, and 6, are admissible and should not be excluded as evidence at trial.

2.     The personal opinion testimony of Lieutenant Clayton Smith, Sergeant Gordy Transue, Jackie Wing and Pearl Sudler and retired Sergeant Stephen Thomas is inadmissible and should be excluded as evidence at trial for the following reasons.  First, the witnesses' personal opinions about the Wilmington Police Department's promotional testing is not relevant given the fact that Plaintiff is not asserting that the promotional system under Management Scientists II is discriminatory.  Therefore, such testimony is inadmissible under Federal Rule of Evidence 402.  Second, even if the Court finds the opinion testimony relevant, the probative value of the witnesses' personal opinions is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, the likelihood of misleading the jury, and causing undue delay.  As such, the witnesses' personal opinions are inadmissible under Federal Rule of Evidence 403. Third, the witnesses' personal opinions are inadmissible under Federal Rule of Evidence 701 because the opinions are not rationally based on the perception of the witnesses and not helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue.    Specifically, the witnesses are not personally involved in the promotional decision-making process, nor do they have any personal knowledge of Chief Szczerba's decision-making process with regard to his decision not to promote Plaintiff.  See, McNulty v. Citadel Broadcasting Co., 58 Fed. Appx 556, 564 (3d Cir. 2003)(held lay opinion testimony inadmissible because witnesses were not in a better position to form an opinion as the jury could understand what a specific phrase meant; and the witnesses' testimony went to the ultimate issue (age bias), thereby usurping the jury's task of making an independent evaluation of the evidence); United States v. Polishan, 336 F.3d 234, 242 (3d Cir. 2003); Hester v. BIC Corp., 225 F.3d 178, 184-185 (2d Cir. 2000)(held that "Rule 701 bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision.  Witnesses

are free to testify fully as to their own observations of the defendant's interactions with the plaintiff or other employees..."); <u>United States v. Rea</u>, 958 F.2d 1206 (2d Cir. 1992); <u>Grady v. BellSouth</u>, 160 Fed. Appx. 863, 864-865 (11th Cir. 2005); <u>Hopson v. DaimlerChrysler Corp.</u>, 157 Fed. Appx. 813, 818-819 (6th Cir. 2005).

   To the extent that Smith, Transue, Wing, Sudler and Thomas are offering their personal, lay opinion that either the promotional system is discriminatory or that Chief Szczerba's decision was motivated by racial animus, such testimony should be excluded. Neither Smith, Transue, Wing, Sudler nor Thomas was involved in the promotional decision-making process. Further, the issue here is not the promotional system itself, as Plaintiff has admitted that the system, Management Scientists II, is not discriminatory. The issue is whether Plaintiff can prove that Chief Szczerba's decision was motivated by racial animus. Neither Smith nor Thomas is purported to have direct personal knowledge of how or why Chief Szczerba makes his promotional selections. Evidence demonstrating that "nonmembers of the protected class were treated more favorably" with respect to [promotion] may consist of "statements made by those closely involved in the decision which indicate that [race] was connected with the decision...." <u>Kidd v. Commonwealth of Pennsylvania</u>, 1999 U.S. Dist. LEXIS 7918, * 16 (E.D. Pa. May 20, 1999)(internal citations omitted). Additionally, with the exception of Smith, neither Transue, Wing, Sudler or Thomas are listed in Plaintiff's Answers to Defendant's Interrogatories as individuals who have personal knowledge of the facts alleged in Plaintiff's Complaint. (See Answer to Interrogatory #'s 15 and 18).

  Given the above, the lay opinion testimony of Smith and Thomas is inadmissible and should be excluded as evidence at trial.

**Response by Plaintiff:**

2.     This is Plaintiff's response to Defendant's *In Limine* request to exclude the testimony of Lieutenant Clayton Smith, Sergeant Gordy Transue, Jackie Wing and Pearl Sudler and retired Sergeant Stephen Thomas. Defendant wishes to exclude the testimony of these officers because according to Defendant, "the witnesses are not personally involved in the promotional decision-making process, nor do they have any personal knowledge of Chief Szczerba's decision-making process with regard to his decision not to promote Plaintiff." However, neither Plaintiff nor Defendant is aware of the extent to which these officers have any personal knowledge of the Chief's decision making process with respect to Plaintiff. Simply put, neither party knows whether these officers have any personal knowledge of how or why Chief Szczerba makes his promotional selections. Plaintiff is not aware of their knowledge and therefore, we cannot accept the Defendant's representation that not one of these officers has personal knowledge of the Chief's selection process. Further, each one of these officers was listed as a witness on Plaintiff's Rule 26 Initial Disclosures.

       For this reason, it would be premature on Plaintiff's part to agree to exclude the testimony of these officers because they may have personal knowledge of the Chief's decision making process with regard to his promotional selections. Plaintiff respectfully requests that a determination as to whether these officers should testify should be made as this matter is developed at trial.

3.     To the extent that Plaintiff is calling Sergeant Donald Bluestein as a witness in order to elicit testimony regarding the allegation that Bluestein threatened to kill Plaintiff if he was promoted, and that Bluestein sent e-mails to then Inspector James

Wright regarding several employment opportunities outside the Wilmington Police Department, jokingly suggesting that Wright retire so that a promotional opportunity would become available, such testimony is inadmissible and should be excluded as evidence at trial for the following reasons.  First, the testimony is not relevant and, therefore,  inadmissible under Federal Rule of Evidence 402.  Second, even if the Court finds that the testimony is relevant, the probative value of the testimony is substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, the likelihood of misleading the jury, and causing undue delay.  As such, the testimony is inadmissible under Federal Rule of Evidence 403.

In his Complaint, Plaintiff alleges that Officer Bluestein "threatened" that he was "going to kill" Plaintiff if he was promoted.  Although Plaintiff asserts that he tape recorded Bluestein when he made the alleged comment, the recording is completely inaudible except for the sound of laughter.  Bluestein does not recall making the statement; however, during his deposition, Bluestein indicated that if he did make the comment, it was meant as a joke.  Additionally, Plaintiff did not  take the comment as a "threat."  Plaintiff never filed a criminal complaint against Bluestein, Plaintiff never filed an internal complaint against Bluestein, Plaintiff continued to associate with Bluestein after the alleged comment was made, and Plaintiff and/or Bluestein was laughing on the tape recording.

Additionally, upon questioning by Plaintiff's attorney, Bluestein stated that he had sent several e-mails to then Inspector James Wright regarding various employment opportunities outside the Wilmington Police Department.  Bluestein sent the e-mails in as a joke, and Wright took them as such given their relationship.  Bluestein was never disciplined or reprimanded with regard to the e-mails.  Wright never expressed

displeasure with Bluestein's jokes. Frankly, the e-mails were a matter between Bluestein and Wright, and have no relation to Plaintiff's allegations.

Bluestein's alleged comment to Plaintiff and his e-mails to Wright are completely irrelevant to the issue of establishing racial discrimination as Bluestein has absolutely no part in the promotional process other than having participated in the process himself. As such, Bluestein's testimony should be excluded as evidence at trial.

**Response by Plaintiff:**

3.    This is Plaintiff's response to Defendant's *In Limine* request to exclude the testimony regarding the allegation that Bluestein threatened to kill Plaintiff if he was promoted, and that Bluestein sent emails to then Inspector James Wright regarding several employment opportunities outside the Wilmington Police Department, suggesting that Wright retire so that a promotional opportunity would become available. This testimony is relevant and should not be excluded as evidence at trial for the following reasons. First, the testimony is relevant and is therefore, admissible under Federal Rule of Evidence 402. Second, the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice to the Defendant, confusion of the issues, the likelihood of misleading the jury, and causing undue delay. As such the testimony is admissible under Federal Rule of Evidence 403.

In his Complaint, Plaintiff alleges that Officer Bluestein threatened to kill Plaintiff if he was promoted. During his deposition, Bluestein indicated that he may have threatened to kill him but he does not recall making the comment. Bluestein's statements and the effect of Bluestein's threat to Plaintiff speak directly to the pain, suffering and humiliation that Plaintiff endured as a result of being denied a promotion on the basis of his race. Additionally, Bluestein's threat to kill Plaintiff is directly related to the fact if

Boyd was promoted to Sergeant, Bluestein would then be pushed back further in "line" to be promoted based on seniority. Further, it was Bluestein who testified that he was appointed to be acting sergeant because he was next on the list to be promoted once another officer retired. That is the very reason why Officer Bluestein emailed postings to Inspector Wright in the hopes that Wright would retire; thereby providing an opening for Bluestein to be promoted to sergeant. The appointment of Bluestein to the position of acting sergeant, rather than Scott Jones, the most junior in the band, further indicates that appointments were made on the basis of seniority. Obviously, Bluestein's comments to Plaintiff and actions with regard to Inspector Wright are highly probative into Plaintiff's allegations that the Chief bases his promotions to the rank of Sergeant on seniority.  As such, Bluestein's testimony should not be excluded at trial.


**X.    Limitations, reservations and Other Matters**

    A.    **Length of Trial.**    The probable length of this trial is 4 days.  The case will be listed on the trial calendar when reached.

    Mark appropriate box:            Jury     X

                                    Non-Jury

    B.    **Number of Jurors.**    There shall be six jurors and _____ alternate jurors.

    C.    **Jury Voir Dire.**    The Court will conduct voir dire.    If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

*/s/ Lori A. Brewington*
ATTORNEY FOR PLAINTIFF

*/s/ Rosemaria Tassone*
ATTORNEY FOR DEFENDANT(S)