Exhibit 2

REVISED PLAN

OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS,

AS AMENDED

Pursuant to the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861, et seq., as amended, the Court amended the revised plan on September 17, 1998.  The Court has since determined that the revised plan should be amended to comply with the method of random selection incorporated in the newly implemented national program for processing jurors, the Jury Management System.

Unless the context clearly requires otherwise, the word "Act" as hereinafter used shall mean and refer to the Jury Selection and Service Act of 1968, and the word "Plan" shall mean and refer to the revised random jury selection plan as herein amended and placed in operation in the United States District Court for the District of Delaware.  In accordance with 28 U.S.C. § 1869(a), the words "clerk" and "clerk of court" shall mean the clerk of the district court of the United States, any authorized deputy clerk, and any other person authorized by the court to assist the clerk in the performance of functions under chapter 121 of the United States Code.

## 1.  **Applicability of Plan**

This Plan is applicable to the District of Delaware, which consists of the counties of New Castle, Kent, and Sussex.

## 2.  **Declaration of Policy**

It is the policy of this Court that all litigants in this Court, entitled to trial by jury, shall have the right to grand and petit juries selected at random from a fair cross-section of the community, that no citizen shall be excluded from service as a grand or petit juror in this Court on account of race, color, religion, sex, national origin or economic status, and that all citizens shall have an obligation to serve as a juror when summoned for that purpose.

## 3.  **Management and Supervision of the Jury Selection Process**

The Clerk of the Court shall manage the jury selection process under the supervision and control of the Chief Judge or such other judge of this Court as the Chief Judge may from time to time designate. The judge who performs such duties is hereinafter referred to as the "Jury Plan Judge". In the absence of the Jury Plan Judge, the next active available judge in point of years of service shall act as the Jury Plan Judge.

2

## 4. **Random Selection from a Merged Data Base**

This Court hereby finds that, in order to best effectuate the Act's goal of having juries represent a fair cross-section of the community in the District of Delaware, the names of grand and petit jurors serving on or after the effective date of this Plan shall be selected at random from data identifying all registered voters, licensed drivers, and individuals who are issued a State identification card from all the counties within the judicial district and State of Delaware. This State-wide data maintained by the appropriate State officials shall be assembled as of the date of the most recent Federal general election prior to such drawing.

The Clerk shall request electronic magnetic media: 1) of the voter registration lists of all the counties within the district from the Election Commissioner of the State of Delaware; 2) of all individuals (18 years of age or older) issued valid drivers' licenses from the Director of the Division of Motor Vehicles of the State of Delaware; and 3) of all individuals (18 years of age or older) issued State identification cards from the Director of the Division of Motor Vehicles of the State of Delaware. The data contained on the said electronic magnetic media shall not be disclosed to any person except pursuant to this Plan or to 28 U.S.C. §§

3

1867 and 1868. The Clerk shall then cause the said electronic magnetic media containing the above identified data to be forwarded to a computer center, selected and authorized by the Court. The computer center shall be responsible for merging the data and eliminating any duplications ("the merged data" or "merged data base"). The merged data shall then be further configured for whatever purpose as may be needed to administer the Plan. The Clerk shall publicly make a random selection by lot of a starting number from one to fifty. The Clerk shall then notify the computer center to cause that name to be selected from the merged data of each county along with each fiftieth name thereafter from the said county. This selection process will result in approximately seven percent of the registered voters and licensed drivers of each county being selected, thereby ensuring that each county is substantially proportionally represented in the master jury wheel.

5.   **Master Jury Wheel**

The Clerk of the Court shall maintain a master jury wheel for the district.   The names of all persons randomly selected initially under this Plan from the merged data of the counties in the district shall be placed in the

4

master jury wheel which can be maintained electronically. The electronic magnetic media should be kept in the order the names are drawn from the merged data of the counties as opposed to listing the names in alphabetical order. The minimum number of names to be placed initially in the master jury wheel shall be equal to that number produced by the random selection as described above, but in no event be less than one thousand.

The Jury Plan Judge may order additional names to be placed in the master jury wheel from time to time as necessary. The master jury wheel shall be emptied and refilled within six months after each biannual Federal general election.

## 6. Excuse on Individual Request

This Court hereby finds in accordance with 28 U.S.C. §1863 (b)(5) that jury service by members of the following occupational classes or groups of persons would entail undue hardship or extreme inconvenience to the members thereof, and the excuse of such members will not be inconsistent with 28 U.S.C. §§1861 and 1862, and shall be granted upon individual request:

5

(1)  Persons over 70 years of age;

(2)  Persons who have, within the past two years, served on a federal or state grand or petit jury;

(3)  Persons having active care and custody of a child or children under 10 years of age whose health and/or safety would be jeopardized by their absence for jury service; or a person who is so essential to the care of aged or infirmed persons;

(4)  Actively practicing physicians.

### 7.  **Exemption from Jury Service**

In accordance with 28 U.S.C. § 1863 (b)(6), this Court hereby finds that exemption of the following groups of persons or occupational classes is in the public interest, would not be inconsistent with 28 U.S.C. §§ 1861 and 1862 and, accordingly, the members of such groups are barred from jury service:

(1)  Members in active service in the Armed Forces of the United States;

(2)  Members of professional fire or police

departments of any State or any subdivision
of a State;

(3) Public officers in the executive,
legislative, or judicial branches of the
Government of the United States or of the
State of Delaware or any subdivision of
this State who are actively engaged in the
performance of official duties.

## 8. **Disclosure of Names Drawn from the Qualified Wheel to the Parties**

Unless otherwise authorized by law, the contents
of records or papers used by the Clerk in connection with the
jury selection process shall not be disclosed, except that:
(1) three business days prior to the jury selection in a
trial, unless otherwise directed by the Court, the Clerk may
release to the parties the name, address, age, education,
occupation, employer and marital status of each prospective
juror drawn from the qualified wheel and selected to report on
the day of trial; or (2) as may be necessary in preparation or
presentation of a motion under subsection (a), (b) or (c) of
28 U.S.C. § 1867, until after the master jury wheel has been
emptied and refilled pursuant to 28 U.S.C. § 1863 (b)(4) and
all persons selected to serve as jurors before the master

wheel was emptied have completed such service.   Nothing
contained herein shall be construed as to prevent any judge of
this Court from keeping juror names confidential in any case
where the interests of justice so require.

### 9.   Drawing of Names from the Master Jury Wheel; Completion of Juror Qualification Forms

From time to time as directed by the Court, the
Clerk shall cause names to be drawn from the master jury
wheel. At the option of the Clerk and after consultation with
the Court, a properly programmed electronic data processing
system for pure randomized selection may be used to select
names from the master wheel for the purpose of determining
qualification for jury service. Such random selection must
insure that the mathematical odds of any single name being
picked are substantially equal. The Clerk would then prepare
a juror qualification form for every person whose name was
selected.   The Clerk would cause the said forms to be mailed
by registered, certified or first-class mail to each person.
Instructions shall be included with or made part of the juror
qualification form informing the person to fill out and return
the form, duly signed and sworn, to the Clerk by mail within
ten days.   If the person is unable to fill out the form,

8

another shall do it for him, and shall indicate that he has done so and the reason therefor.   In any case in which it appears that there is an omission, ambiguity, or error in an executed form, the Clerk shall return the form with instructions to the person to make such additions or corrections as may be necessary and to return the form to the Clerk within ten days.   Any person who fails to return a completed juror qualification form as instructed may be summoned by the Clerk forthwith to appear before the Clerk to fill out a juror qualification form in accordance with 28 U.S.C. § 1864(a).   Any information thus acquired by the Clerk may be noted on the juror qualification form and transmitted to the Jury Plan Judge.   Any person summoned pursuant to 28 U.S.C. § 1864(a) who fails to appear as directed shall be ordered by the Court forthwith to appear and show cause for his failure to comply with the summons.   Any person who fails to appear pursuant to such order or who fails to show good cause for noncompliance with the summons may be fined, imprisoned or both in accordance with 28 U.S.C. § 1864(b). Any person who willfully misrepresents a material fact on a juror qualification form for the purpose of avoiding or securing service as a juror may be fined, imprisoned or both in accordance with 28 U.S.C. § 1864(b).

9

## 10.  **Qualifications for Jury Service**

The Jury Plan Judge on his/her initiative or upon recommendation of the Clerk shall determine solely on the basis of information provided on the juror qualification form and other competent evidence whether a person is unqualified for, or exempt, or to be excused from jury service. The Clerk shall enter such determination in the space provided on the juror qualification form.  In making such determination the Jury Plan Judge shall deem any person qualified to serve on grand and petit juries of this Court unless s/he --

>   (1)   is not a citizen of the United States eighteen years old who has resided for a period of one year within the Judicial District of Delaware;
>
>   (2)   is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;
>
>   (3)   is unable to speak the English language;
>
>   (4)   is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or
>
>   (5)   has a charge pending against him for the

10

commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his/her civil rights have not been restored.

### 11.  **Qualified Jury Wheel**

The Clerk shall maintain a qualified jury wheel for the district which shall contain the names of all persons drawn from the master jury wheel and who are determined to be qualified as jurors and not exempt or excused pursuant to this Plan.    The qualified jury wheel may be maintained electronically.  The name of a juror drawn from the qualified jury wheel shall not be made public except in accordance with this Plan.

### 12.  **Selection and Summoning of Jury Panels**

From time to time, the Clerk shall publicly cause names to be drawn from the qualified jury wheel.  At the option of the Clerk and after consultation with the Court, a properly programmed electronic data processing system for pure randomized selection may be used to select names from the qualified wheel for the purpose of summoning persons to serve as grand or petit jurors.  Such random selection must insure

11

that the mathematical odds of any single name being picked are substantially equal. The Clerk would then prepare a summons for every person whose name was selected.   The Clerk would cause service of the said summons to be made by serving each person personally, or by registered, certified, or first-class mail addressed to such person at his usual residence or business address.   If the service is made personally, the summons shall be delivered by the Clerk to the Marshal who shall make such service.   If the service is made by mail, the summons shall be mailed by the Clerk who shall make affidavit of service and shall attach thereto any receipt from the addressee for a registered or certified summons.   Nothing herein contained shall be construed as requiring the issuance of service of any summons other than for the first day of any two-month period of service.

Except as provided in 28 U.S.C. § 1865 or in this Plan, no person or class of persons shall be disqualified, excluded, excused, or exempt for service as jurors: Provided, that any person summoned for jury service may be (1) excused by the Court, or by the Clerk under supervision of the Jury Plan Judge, upon a showing of undue hardship or extreme inconvenience, for such period as deemed necessary, at the conclusion of which the name of such person shall be reinserted into the qualified jury wheel for selection

12

pursuant to this Plan, or (2) excluded by the Court on the
ground that such person may be unable to render impartial jury
service or that his service as a juror would be likely to
disrupt the proceedings, or (3) excluded upon peremptory
challenge as provided by law, or (4) excluded pursuant to the
procedure specified by law upon a challenge by any party for
good cause shown, or (5) excluded upon determination by the
Court that his/her service as a juror would be likely to
threaten the secrecy of the proceedings, or otherwise
adversely affect the integrity of jury deliberations.   No
person shall be excluded under clause (5) of this subsection
unless the judge, in open court, determines that such is
warranted and that exclusion of the person will not be
inconsistent with 28 U.S.C. §§ 1861 and 1862.   The number of
persons excluded under clause (5) of the subsection shall not
exceed one per centum of the number of persons who return
executed jury qualification forms during the period, specified
in the Plan, between two consecutive fillings of the master
jury wheel.  The names of persons excluded under clause (5) of
this subsection, together with detailed explanations for the
exclusions, shall be forwarded immediately to the Judicial
Council of the Circuit, which shall have the power to make any
appropriate order, prospective or retroactive, to redress any
misapplication of clause (5) of this subsection, but otherwise

13

exclusions effectuated under such clause shall not be subject to challenge under provisions of Title 28 of the U.S. Code. Any person excluded from a particular jury under clause (2), (3), or (4) of this subsection shall be eligible to sit on another jury if the basis for his/her initial exclusion would not be relevant to his/her ability to serve on such other jury. Whenever a person is disqualified, excused, exempt, or excluded from jury service, the Clerk shall note in the space provided on his/her juror qualification form the specific reason therefor.

### 13. Assignment of Jurors to Grand and Petit Jury Panels

#### Grand Jury

The Clerk shall cause eighty-five persons to be summoned in accordance with this Plan for the selection of the Grand Jury Panel and alternate grand jurors. The names of those persons summoned but who are excused because of undue hardship or extreme inconvenience will be reinserted into the qualified jury wheel. The names of those persons who appear for selection will be placed in a rotating jury wheel or other container and in open court will be randomly drawn. The Grand Jury Panel will consist of the first twenty-three names drawn. The names of those persons remaining in the wheel or container

14

will be drawn and will be designated as alternate grand jurors to be impaneled in the order in which they were drawn in accordance with Rule 6(a)(2), Federal Rules of Criminal Procedure. The alternate grand jurors will be discharged upon the termination of the grand jury they supplement.

### Petit Jury

The Clerk shall establish a pool of jurors for each two-month term by causing an appropriate number of persons to be summoned from the qualified jury wheel. The names of those persons summoned but who are excused because of undue hardship or extreme inconvenience will be reinserted into the qualified jury wheel in accordance with this Plan. Jury trial panels will be selected from the pool established for the two-month term based upon the order of the "pool sequence list" generated by the Jury Management System.

### 14. Size of Grand and Petit Juries

The Grand Jury shall consist of not less than sixteen nor more than twenty-three members. The petit jury in civil trials shall consist of six members except that the parties may stipulate that the jury in any such case shall consist of any number less than six. The petit jury in

15

criminal trials shall consist of twelve members except that a
jury of less than twelve may be permitted in accordance with
Rule 23(b) of the Federal Rules of Criminal Procedure. The
Court may direct that alternate jurors be called and impaneled
in accordance with the Federal Rules of Procedure.

### 15. Length of Service

In any two-year period, no person shall be
required (1) to be subject to call for petit juror service for
more than two months, or (2) to report for service or serve as
a petit juror more than five days during such two months
service, except when necessary to complete service in a
particular case, or (3) to serve as a grand juror more than
eighteen months unless the court extends the service of the
grand jury for a period of six months or less upon a
determination that such extension is in the public interest,
or (4) to serve on more than one grand jury or, (5) to serve
as both a grand and petit juror.

### 16. Unanticipated Shortage of Available Petit Jurors

When there is an unanticipated shortage of
available petit jurors drawn from the qualified jury wheel,
the Jury Plan Judge may require the Marshal to summon a

16

sufficient number of petit jurors selected at random from
voter registration and licensed driver data in a manner
ordered by the Court consistent with 28 U.S.C. §§ 1861 and
1862.

## 17.   **Failure to Appear When Summoned**

Any person summoned for jury service who fails
to appear as directed shall be ordered by the Court to appear
forthwith and show cause for his/her failure to comply with
the summons.   Any person who fails to show good cause for
noncompliance with a summons may be fined, imprisoned, or both
in accordance with 28 U.S.C. § 1866(g).

## 18.   **Maintenance and Inspection of Records**

After the master jury wheel is emptied and
refilled pursuant to 28 U.S.C. § 1863(b)(4), and after all
persons selected to serve as jurors before the master jury
wheel was emptied have completed such service, all records and
papers compiled and maintained by the Clerk before the master
jury wheel was emptied shall be preserved in the custody of
the Clerk for four years, and shall be available for public
inspection for the purpose of determining the validity of the
selection of any jury.

17

19.    **Effective Date**

This Plan shall become effective for the purpose of administering this Plan for the selection of jurors to begin jury duty on or after January 1, 2002.

DATED: April 10, 2002

_____
Chief Judge

_____
Judge

_____
Judge

_____
Judge

18