IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. BOYD, | : |
| | : |
| Plaintiff, | : |
| | :   C.A. No. 05-178 (KAJ) |
| v. | :   TRIAL BY JURY DEMANDED |
| | : |
| CITY OF WILMINGTON, | : |
| | : |
| Defendant. | : |

### PLAINTIFF'S MOTION FOR CERTIFICATION OF JUDGMENT

Plaintiff Boyd, by and through his attorneys, respectfully requests that this Honorable Court hereby grant Plaintiff's petition for an order certifying this Court's decision on Plaintiff's Motion for a New Trial *in part* pursuant to FRCP 54(b) and in support thereof, states the following:

1. On or about October 26, 2006, Plaintiff Boyd filed a Motion for A New Trial on three separate grounds. First, Plaintiff argued that this Court's procedure for selecting a sample jury pool did not comply with the U.S. Constitution and the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq. Second, Plaintiff argued that this Court erred in its instruction with respect to the impeachment of Lieutenant Mitch Rock in violation of Federal Rule of Evidence 611(b). Finally, Plaintiff argued that he was denied his constitutional right to have a unanimous verdict based upon the affidavit of Juror No. 5 who indicated that she voted for Plaintiff and that the other 8 jurors voted for the City of Wilmington.

2. This Court issued a decision on January 16, 2007 denying *in part* Plaintiff's Motion for A New Trial, holding that Plaintiff's challenge to this Court's jury system was legally insufficient because (1) there is no authority for the proposition that the Court is required to

follow up on the juror qualification forms that are not completed or returned; and (2) the Plan uses the broadest sources possible to establish its master jury wheel and venires through random selection (See Mem. Order dated Jan. 16, 2007). This Court withheld judgment on Plaintiff's argument that the impeachment of Lt. Mitch Rock was a violation of FRE 611(b), as well as, Plaintiff's argument that the jury's failure to reach a unanimous verdict was a violation of his constitutional rights.

3. Under 28 U.S.C. § 1291, the Third Circuit has jurisdiction over all "final decisions". Pursuant to FRCP 54(b), a district court, under certain circumstances, may relax the "final decision" rule and may order a final judgment to be entered as to fewer than all of the claims in an action. Berckeley Inv. Group v. Colkitt, 259 F. 3d 135, 145 (3d. Cir. 2001). That judgment, like any other final judgment, is immediately appealable, even though the action may continue as to other claims. Before the district court may order entry of a final judgment as to fewer than all the claims, it must ascertain two things. First, the action must be final as to the claim with respect to which the judgment is to be entered. Second, the district court must make "an express determination that there is no reason for delay". Moore's Federal Practice §202.06[1].

4. As to the first prong, *finality* means that the judgment must dispose of at least a single substantive claim. Moore's Federal Practice § 202.06[2]. In the instant case, this Court's decision denying Plaintiff's Motion for a New Trial *in part* has disposed of the substantive claim that the jury selection process in this State is not representative of a fair cross section of the community. This issue is separate and apart from the remaining claims in Plaintiff's Motion for a New Trial. There is absolutely no factual overlap between the impeachment of Lt. Mitch Rock and the issue of jury selection in this District. While there is a slight factual overlap between the

jury selection process and the lack of a unanimous verdict, the former focuses on the jury plan for this State and the latter focuses on jury deliberation process of the nine jurors chosen to sit on the jury in this case. Thus, the Court has rendered the issue of jury selection as final by disposing of this substantive claim.

5. As to the second prong, there is no just cause for this Court to delay the entry of judgment on the issue of whether the jury system in Delaware District Court is constitutionally flawed when considering judicial administrative interests, as well as, the equities. Presently, the issue of whether this Court's jury selection process is constitutionally flawed is on appeal to the Third Circuit Court of Appeals in Miller v. Town of Milton, C.A. No. 03-837 (SLR). If this certification is granted, Plaintiff intends to file a Motion to Consolidate this appeal with Miller and therefore, the Third Circuit would not have to decide the same issue more than once. Thus, without certification, the reviewing court might be obliged to consider the same issue a second time. The consolidation of these appeals will promote judicial economy and efficiency.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Certification of the Order denying Plaintiff's Motion for a New Trial *in part* and enter final judgment on the issue of whether this Court's jury selection process is constitutional flawed.

MARGOLIS EDELSTEIN

/s/ Jeffrey K. Martin

Jeffrey K. Martin, Esquire (DE #2407)
Lori A. Brewington, Esquire (DE #4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
Attorneys for Plaintiff Kenneth A. Boyd

Dated: February 16, 2007