IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. BOYD, | : |
| Plaintiff, | : |
| v. | : C.A. No. 05-178 (SLR) |
| | : TRIAL BY JURY DEMANDED |
| CITY OF WILMINGTON, | : |
| Defendant. | : |

## AMENDED NOTICE OF APPEAL

Notice is hereby given that Plaintiff Kenneth Boyd, by and through his attorney, Jeffrey K. Martin, appeals to the United States Court of Appeals for the Third Circuit the attached Order of the District Court Denying Plaintiff's Motion for a New Trial in part based upon an erroneous evidentiary ruling in the U.S. District Court for the District of Delaware entered in this action by Memorandum Order on November 1, 2007 (attached as Exhibit 1). The appeal has been previously docketed with the United States Court of Appeals as 07-1731.

MARTIN & WILSON, P.A.

/s/ Jeffrey K. Martin

JEFFREY K. MARTIN, ESQUIRE
DE State Bar I.D. No.: 2407
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
*Attorneys for Plaintiff*

DATED:   November 27, 2007

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH A. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-178-SLR |
| ) | |
| CITY OF WILMINGTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of October, 2007, having reviewed plaintiff's motion for a new trial and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 120) is denied,[1] for the reasons that follow:

1. A trial court's discretion is broad when determining "the admissibility of evidence and whether a new trial should be granted based on an erroneous evidentiary ruling." Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1370 (3d Cir. 1991). Before a court may grant a motion for a new trial, it must find (1) "that an error was made in the course of [the] trial"; and (2) that the error "was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice." Farra v. Stanley-Bostitch Inc., 838 F. Supp. 1021, 1026 (E.D. Pa. 1993). Such errors are those errors

---

[1] The court previously denied the motion as it related to jury selection.

Exhibit A

which "affect the substantial rights of the parties." Harkins v. Ford Motor Co., 437 F.2d 276, 278 (3d Cir. 1970).

2. Plaintiff argues that the court[2] erred when it confined the cross examination of Lt. Mitch Rock to the scope of his testimony given under direct. On direct, counsel for defendant posed 17 questions (covered in just three pages of the trial transcript) concerning certain statements allegedly made by other witnesses. Lt. Rock was neither plaintiff's supervisor nor did he play a role in the promotional process to which the case was directed. Nevertheless, plaintiff asserts that Lt. Rock's credibility was so critical to his case that the court should have allowed an extensive cross examination relating to Lt. Rock's alleged conduct toward another Wilmington police officer, citing White v. Honeywell, 141 F.3d 1270 (8th Cir. 1998), in support.

3. Under the circumstances at bar, the court concludes that no prejudicial error was made when plaintiff was precluded from pursuing his proffered cross-examination. In contrast to the situation in White, Lt. Rock did not play a role in the allegedly discriminatory conduct at bar. Moreover, the proffered impeachment material consists of untested allegations of a litigant in an unrelated employment discrimination case pending in this court.[3] Given the minimal relevance of Lt. Rock's testimony, the introduction of such inflammatory impeachment would have created the risk of undue

---

[2] The Honorable Kent A. Jordan presided over the jury trial at issue before he left this bench for that of the United States Court of Appeals for the Third Circuit.

[3] See Turner v. City of Wilmington, Civ. No. 05-716-GMS (D. Del.), stayed at the summary judgment stage pending plaintiff's appeal related to the court's jury selection process.

2

Exhibit A

prejudice and of generating a mini-trial related to the credibility of a third party (Mr. Turner).

_____
United States District Judge

3

Exhibit A

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, Esquire, do hereby certify that on November 21, 2007, I electronically filed *Notice of Appeal* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following attorney-of-record below:

Rosamaria Tassone, Esquire
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N French St, 9th Floor
Wilmington, DE 19801

MARTIN & WILSON, P.A.

/s/ Jeffrey K. Martin

**JEFFREY K. MARTIN, ESQUIRE**
DE State Bar I.D. No.: 2407
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
*Attorneys for Plaintiff*

DATED:   November 27, 2007